719 So.2d 304 (1998)
Douglas MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 971820.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of attempted burglary and appeals, arguing that the trial court erred in not requiring the state to read one sentence in appellant's statement to the police when the state put other portions of appellant's statement in evidence. We reverse.
At 7:00 a.m. a witness heard two thumps, and then a burglar alarm, at the house next door. He looked out and saw two men walking across the lawn engaged in conversation and photographed them. The police responded to the alarm and found that the bottom part of the wooden front door to the house had been kicked in, but that the door was still locked. The officer found appellant and his companion in the neighborhood, and *305 they were identified by the witness as being the people the witness had seen after he heard the noise next door.
Appellant, after being given his Miranda warnings, gave a taped statement to the police, stating that his companion had told him that yard work was available to be done at the home next to the witness. When they arrived, the companion told appellant to knock on the door to see if anyone was home. Appellant knocked, but no one answered.
The companion then kicked in the door and the alarm went off. Appellant walked away, and as the companion was running to catch up with appellant, appellant saw the neighbor who identified them. Appellant then stated: "I told him I wanna leave, get outta the neighI wanna leave. I didn't wanna be caught up in that shit `cause it was wrong. I don't wanna go back to prison."
Both men were charged with burglary of a dwelling. Appellant moved to exclude from evidence at trial the last sentence quoted above referring to prison, and the state agreed. When the redacted statement was admitted at trial, however, the second sentence had also been removed. Appellant objected to the deletion of that sentence, but the court overruled the objection.
Appellant relies on § 90.108(1), Florida Statutes (1997) which provides in part:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part of any other writing or recorded statement that in fairness ought to be considered contemporaneously.
In Larzelere v. State, 676 So.2d 394 (Fla.), cert. denied,___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the Florida Supreme Court held, under similar facts, that the standard for determining whether the additional portions of the statement should have been admitted is whether, in the interest of fairness, the jury should hear the remaining portions at the same time so as to avoid the potential for creating misleading impressions by taking statements out of context.
We conclude that the court erred in refusing to admit that portion of the statement at the time that the state put in the remaining portions, because it would have "shed light upon the part already admitted." Ehrhardt, Florida Evidence § 108.1 (1995 Ed.).
We now address whether the error is prejudicial. We begin with § 924.051(7), Florida Statutes (1997) which provides:
In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
Prejudicial error is defined in § 924.051(1)(a) as "an error in the trial court that harmfully affected the judgment or sentence."
When the above provisions became effective in 1996, we already had, and still have § 924.33, which provides:
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
In Goodwin v. State, 23 Fla. L. Weekly D1538, ___ So.2d ___, 1998 WL 158875 (Fla. 4th DCA Apr. 8, 1998), we concluded that, notwithstanding § 924.051(7), the burden of demonstrating that an error is prejudicial cannot constitutionally be placed on the defendant in a criminal case, if the error is of a constitutional nature. That was the holding of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which was recognized by the Florida Supreme Court in its seminal decision on harmless error, State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Both Chapman and DiGuilio involved the prosecutor commenting on the defendant's silence. Where the error is not constitutional, as in Goodwin and the present case, however, § 924.051(7), which puts the burden on the appellant to show prejudice, *306 governs. Goodwin, 23 Fla. L. Weekly at D1539, ___ So.2d at ___ (Klein, J., concurring).
In DiGuilio, our supreme court relied heavily on Roger J. Traynor, The Riddle of Harmless Error (1970). At the end of DiGuilio, after the court concluded that the burden was on the state to show harmlessness beyond a reasonable doubt where the error was constitutional, the court expressed the following thoughts on harmless error:
In his perceptive essay, The Riddle of Harmless Error, former Chief Justice [of the California Supreme Court] Traynor addressed various common errors which, historically, appellate courts fall into when applying harmless error analysis. The worst is to abdicate judicial responsibility by falling into one of the extremes of all too easy affirmance or all too easy reversal. Neither course is acceptable. The test must be conscientiously applied and the reasoning of the court set forth for the guidance of all concerned and for the benefit of further appellate review. The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. This rather truncated summary is not comprehensive but it does serve to warn of the more common errors which must be avoided. [emphasis added].
Traynor addressed both constitutional error and nonconstitutional error, and it was his opinion that non-constitutional error is harmless when it is "highly probable that the error did not affect the judgment." Traynor, supra at 34, 35.
Although we concluded in Goodwin that our supreme court in DiGuilio was only deciding when constitutional error can be harmless, we believe that the general thoughts expressed by the court are still significant in helping us to determine whether nonconstitutional error is harmful under § 924.051(7), which took effect in 1996. In that regard, one sentence in the above quote bears repeating:
The focus is on the effect of the error on the trier-of-fact.
491 So.2d at 1139.
It is important, when determining the effect of an error on the fact finder, to keep in mind that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Accordingly, even where the defendant in a criminal case has the burden of demonstrating the prejudicial effect of the error, that burden will be easier to carry than the burden on an appellant in a civil case in which the burden of proof in the trial court is lighter, i.e., preponderance of the evidence or clear and convincing evidence.
In the present case the jury could have found from the evidence that the appellant had only gone with his companion in order to do yard work and did not know that his companion was going to attempt to break in. His statement was a significant part of the state's proof, and the omitted sentence would have supported appellant's defense. Appellant has carried the burden of demonstrating that a prejudicial error occurred. We therefore reverse and remand for a new trial.
WARNER and TAYLOR, JJ., concur.