726 So.2d 837 (1999)
Andrew DOHERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3983
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
*838 Neal A. Dupree, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid and Sylvie Perez Posner, Assistant Attorneys General, West Palm Beach, for appellee.
FARMER, J.
Defendant was convicted of the lesser included offense of aggravated assault with a firearm, and as charged for discharging a firearm. He contends on appeal that it was error to admit testimony regarding gang membership and prior threats made to the victims by the gang in which defendant was said to be a member. We agree and reverse.
Defendant was charged with attempted first degree murders arising from an incident involving at least two persons in a motor vehicle and several other people standing outside an apartment complex. The people in the vehicle were said to have assailed the people standing outside the apartment and fired a gun at them. But there was also testimony that the bystanders hurled bricks at the vehicle first.
At least two of the persons at whom shots were fired identified defendant as the driver of the vehicle. One specifically said that he saw defendant point a gun. There was also testimony to the effect that, after the incident, defendant told an officer that he had fired the shot in self defense because bystanders began throwing bricks and cement at him and the truck but that he had not been trying to hit anyone; that if he had tried to hit someone he would have succeeded because he is an excellent shot; and that if he had known that the charge would be attempted murder he would have tried to hit someone.
The problem arises from testimony permitted by the trial judge relating to gang membership and racial animus associated with the gang, as well as prior acts of the gang, including an incident at a nearby mall. While defendant was said to be associated with the gang, no one identified him as having been involved in any of the prior acts or identified him as having, himself, made any of the racial comments. We conclude that the admission of this evidence was error and proceed to consider whether it was harmless.
As we recently made clear in Mason v. State, 719 So.2d 304, 23 Fla. L. Weekly D1540, 1998 WL 329502 (Fla. 4th DCA 1998), for nonconstitutional errors we apply the prejudicial error test of section 924.051 rather than the constitutional harmless error test of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). This simply means that the burden is on the appellant to show that the error was prejudicial rather than on the state to show beyond a reasonable doubt that the error was harmless. The critical inquiry, we stressed, is to assess the effect of the error on the trier of fact. We endeavored to make clear in Mason that the defendant appealing a conviction carries the burden of establishing prejudicial error by showing a reasonable possibility that the error affected the verdict. We think defendant has carried that burden in this case.
The state's evidence of attempted murder was not one-sided, and there was also evidence supporting defendant's contention that he shot in self defense. Consequently there is a reasonable possibility that the admission of the testimony regarding gang membership and activities might have persuaded jurors that the group activities could be used to infer that on this occasion defendant acted in conformity with the group. In other words the jury is reasonably likely to have found from the alleged affiliation in the gang that he did not act defensively but instead aggressively and provocatively. Thus the admission of the evidence was prejudicial.
We reverse and remand for a new trial.
GROSS, J., concurs.
STONE, C.J., concurs specially with opinion.
STONE, C.J., concurring specially.
*839 But for our opinion in Mason v. State, 719 So.2d 304 (Fla. 4th DCA 1998), and concern as to the possible application of State v. DiGuilio, 491 So.2d 1129 (Fla.1986), I would affirm. In my judgment, DiGuilio does not mandate the present test we are using in applying section 924.051(7), Florida Statutes, absent "constitutional" error. The majority here, following Mason, accepts that the key query for deciding whether evidentiary error (not of constitutional dimension) is reversible, is whether there is a reasonable possibility that the error affected the verdict.
I recognize that there is ample jurisprudential support for applying the reasonable possibility criteria, as outlined in Mason, Judge Klein's concurring opinion in Goodwin v. State, 721 So.2d 728 (Fla. 4th DCA 1998), and Jackson v. State, 707 So.2d 412 (Fla. 5th DCA 1998), in deciding whether error is reversible. However, it seems to me that applying a "possibility" test to error that does not qualify as "constitutional," is the same as applying the "reasonable doubt" test of DiGuilio, which we have recognized as applying only to constitutional error. There may well be a difference between a court recognizing a "reasonable possibility" that an error affected a verdict and a court concluding that it has not been demonstrated that an error is "harmless beyond a reasonable doubt," but I confess to struggling with this distinction. Moreover, it seems that applying a "possibility" test to error that is not within the constitutional error penumbra of DiGuilio essentially negates the application of section (7) of the statute as to all but the most innocuous errors. Further, I read Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), as applying that test only to constitutional error.
I would deem the statute's language applicable to trial court error that does not qualify as "constitutional," and would apply the statute's explicit direction, reversing only where the appellant demonstrates that prejudicial error as defined in the statute has occurred. Prejudicial error is defined as error "that harmfully affected the judgment or sentence." § 924.051(1)(a), Fla. Stat. (1997). Nowhere does the term "possible" appear to further define harmful error.
I would also note that the record here reflects that Appellant was equally responsible as the state, if not more so, in introducing the subject of gangs and gang membership into the testimony, and that the trial court was very sensitive to the entire issue in finding that the evidence in question was relevant. Given the strong evidence of guilt, including Appellant's statements and admissions, and eye-witness testimony, I might well have concluded that Appellant had not met the burden of demonstrating that the error harmfully affected the verdict. Nevertheless, I recognize that there is a reasonable possibility, albeit unlikely, that the error affected the verdict and, therefore, concur in reversing.