FARMER, J.
Martin was convicted of burglary of a dwelling. We affirm but write to address one issue. He argues on appeal that a new trial is required because during trial the state questioned Martin and other defense witnesses about membership in a gang.
Two men burglarized a home. The victims confronted the two men who immediately fled the house. A neighbor, who saw the two men as they ran from the home, followed them to a townhouse complex. The police thereafter went to the townhouse complex and found two men meeting the descriptions given by the victims and neighbor. One of the men was Martin; the other was Hall, a juvenile.
At trial, the victims and the neighbor identified Martin as one of the burglars. Two friends of Martin, however, testified that they, not Martin and Hall, committed the burglary. Martin also testified that on the day of the burglary he, Hall and the two friends decided to rob houses, but that the two friends committed the burglary involved in this case, while Martin and Hall were to burglarize a different house.
On cross examination, the state asked Martin, Hall and the friends about membership in a gang. The state produced a photograph in which all four men were holding their fingers to form the letter “W.” All four denied being members of a gang and stated that the “W” stood for West Boca, their neighborhood. The state also made a single reference to gang membership in closing argument.
We conclude that the state had a reasonable basis in the context of this case to ask the questions about membership in a gang. The testimony of the two defense witnesses, as well as defendant himself, was that the four men met that day and together planned to rob houses. The four men were friends, and Hall had previously lied to the police to cover for Martin. The state’s theory in asking the questions was that the photo and plan to rob houses that day grew out of their association in a gang, that the unusual loyalty attached to their gang membership would demonstrate a basis for each to lie under oath in order to protect one of them.
Any party may attack the credibility of a witness by showing that the witness is *8 biased. See Fla. Stat. § 90.608 (1999). “Florida courts have recognized that a criminal defendant’s dealings with or relationship to a third party could bias a witness’ testimony against him.” Jones v. State, 678 So.2d 890, 892 (Fla. 4th DCA 1996); see also United States v. Abel, 469 U.S. 46, 51-52, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) (membership of defendant and witness in prison gang admissible to prove bias of witness against defendant).
In this case, the evidence that defendant and his three friends are members of a gang was relevant to show the motive of the witnesses to lie. Cf. Doherty v. State, 726 So.2d 837 (Fla. 4th DCA 1999) (gang membership not relevant because not admitted to impeach witness but rather to show defendant’s propensity to commit crime). Gang membership would show that the witnesses had a strong motive to protect defendant, especially when the witnesses were no longer at risk of punishment themselves owing to lapse of the statute of limitations.
AFFIRMED.
KAHN, LISA DAVIDSON, Associate Judge, concurs.
TAYLOR, J., dissents with opinion.