TAYLOR, J.,
dissenting.
I respectfully dissent. Although I agree that evidence of gang membership can be probative on the issue of bias, I do not believe that there was sufficient evidence of gang membership in this case to justify the prosecutor’s repeated attempts to elicit such evidence during cross-examination of the defendant and his witnesses and to .comment on it during closing argument. Further, this evidence had minimal probative value as compared to its substantial danger of undue prejudice and was cumulative to other less prejudicial evidence available to show bias.
In the case cited by the majority, United States v. Abel, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984), the Supreme Court discussed the admissibility of gang membership to show the bias of a witness. There, the prosecutor, who sought to prove the bias of a defense witness by cross-examining him about gang membership, was prepared to present rebuttal evidence that the witness and the defendant were members of a secret prison gang, whose tenets required its members to “lie, cheat, steal, [and] kill” to protect each other. Id. at 48, 105 S.Ct. 465. The Court held that the district court did not abuse its discretion in admitting testimony about the defendant’s and his witness’s membership in a secret prison gang, because “[a] witness’ and a party’s common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias.” Id. at 52, 105 S.Ct. 465.
Unlike the prosecutor in Abel, the prosecutor in this case had no evidence that the defendant and his witnesses actually belonged to a gang. The prosecutor asked the defendant and each defense witness if they were gang members. They all responded that they were not. The only indicia of gang membership offered by the prosecutor was a single photograph of the four boys forming a “W” with their hands. When questioned about the photograph, each witness explained that the “W” sign stood for West Boca, their residential community. One witness further explained that the “W” sign, formed by three fingers, was a popular rap music symbol for West-side (West Coast) rappers. In my opinion, this photograph, without more, did not sufficiently show their involvement in a gang to warrant the prosecutor’s persistent questioning of each witness about gang affiliation. Further, in the absence of any extrinsic proof to contradict the witnesses’ *9 staunch denials of gang membership, there was simply no foundation for the prosecutor’s questions or his closing remarks concerning gang membership.
As we recognized in Doherty v. State, 726 So.2d 837 (Fla. 4th DCA 1999), admission of evidence identifying a defendant as a member of a gang may result in prejudice, because juries tend to associate such groups with criminal and violent activity. There is a widespread public fear of youth gangs and, thus, a real danger that a jury may improperly convict a defendant on inferences that he has a criminal disposition because he is a gang member. See Reyes v. State, 783 So.2d 1129 (Fla. 3d DCA 2001) (testimony about evils of gangs could only have served to lead jury to base its verdict on feeling that defendant’s conviction would strike blow against dangers presented by existence of gang violence). In my view, gang affiliation evidence is presumptively prejudicial and, for proper impeachment, requires a sufficient factual foundation demonstrating, either by testimony or extrinsic evidence, that the defendant and his witnesses share common membership in a gang. See United States v. Elkins, 70 F.3d 81, 84 (10th Cir.1995) (“Essential for the admission of [gang-related] testimony is the establishment of a foundation that demonstrates ‘the defendant and the witness to be impeached belong to the same gang.’ ”) (quoting United States v. Keys, 899 F.2d 983, 986 (10th Cir.1990)).
Moreover, even where there is clear evidence of gang affiliation and such evidence is determined to be relevant, if, under a Rule 403 balancing analysis, its probative value is substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence, then it should not be admitted. See Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); Brown v. State, 719 So.2d 882 (Fla.1998). In this ease, the probative value of gang membership evidence was minimal at best. According to the majority, evidence showing that the appellant and his three friends were members of a gang was relevant to establish possible bias of the defense witnesses in favor of appellant. However, this point was made with other, less prejudicial evidence. Before the prosecutor began his inquiries into the witnesses’ purported gang affiliation, all of the defense witnesses had acknowledged that they were close friends and neighbors of appellant. Thus, the suggestion that appellant and the witnesses were also members of a gang was cumulative and added little to further the prosecution’s objective of showing that the witnesses were biased because of their close association with appellant. See People v. Cardenas, 31 Cal.3d 897, 184 Cal.Rptr. 165, 647 P.2d 569, 572 (1982) (trial court erred in admitting evidence of defendant’s and several defense witnesses’ membership in a youth gang, where the probative value of the evidence was minimal at best, and where the evidence was cumulative of other evidence showing that defendant and his witnesses were neighborhood friends and since its admission created a substantial danger of undue prejudice).
For the above reasons, I believe the trial court erred in allowing the prosecutor to cross-examine the defendant and his witnesses about gang membership and to comment upon it during his closing argument. Further, I do not think we can say that there is no reasonable possibility that this error affected the verdict.