Levine, J.
Appellant raises several issues for our review, and we write to address three. Appellant first argues the trial court erred in redacting a portion of a 911 tape wherein appellant referenced the victim’s prior bad acts. Appellant next argues that his two battery convictions violate double jeopardy because they involved conduct occurring within the same criminal episode. Finally, appellant argues that the trial court improperly considered subsequent, uncharged misconduct when sentencing him. We affirm appellant’s conviction, finding that the court did not abuse its discretion in allowing the redaction and that the two battery convictions do not violate double jeopardy. However, we reverse appellant’s sentence and remand for resentencing.
Appellant had been dating the victim for several months. One night, after appellant passed his “Series 7 Exam,” he and the victim went out to celebrate. After they returned to appellant’s home, the victim alleged appellant demanded that she have sex with him. The victim refused.
When the victim attempted to leave, appellant blocked the door. The victim attempted to push past him, but appellant pushed the victim to the bed. He then *614 pressed his arm into her neck so she could not breathe. The victim scratched at appellant, and he took her hand in his and struck her mouth with her own hand. Eventually, he got off of her, but continued to hit her and prevent her from leaving. Appellant then pushed her back onto the bed, pinned her down, and pushed his fingers into her vagina.
The victim was eventually able to escape the room and attempted to call 911. Appellant said he would be the one to call 911 and told the victim she would go to jail. Appellant then called 911 and told the operator that the victim had attacked him and informed the operator that the victim had previously been arrested for attacking a previous boyfriend.
Appellant was charged with false imprisonment, sexual battery, and domestic battery by strangulation.
During trial, the state sought to introduce a redacted recording of appellant’s 911 call into evidence. The state sought to redact the following statements from the 911 call: (1) “She has an arrest report for previously assaulting another boyfriend.”; (2) “She was previously arrested because she assaulted her boyfriend.”; (3) “If you Google it on the Google she’s the second name down she has an arrest record and she has a picture. It’ll come right up. She was arrested in Miami Dade. She lives in Boynton Beach right now, but she was arrested in Miami Dade.”; and (4) “Cause she’s been arrested for this. She had a previous boyfriend and they got in a fight in Miami and she punched him in the nose and like broke his nose or some sh-t, and he called the cops on her.” Appellant objected to the redaction, claiming it violated the rule of completeness.
The trial court found that the rule of completeness required only admission of the first statement, which appellant made in response to the operator’s question regarding the victim’s identity. The court could not hear the second portion of the tape, whereupon the state withdrew its objection. However, the court found that the rule of completeness did not compel admission of the third and fourth statements because they did not “put into context, amplify, [or] explain” what the operator had said. Appellant made the third statement in response to the operator’s request to spell the victim’s name, and appellant made the fourth statement in response to the operator’s request not to hang up.
The jury found appellant guilty of false imprisonment as charged. The jury also found appellant guilty of battery as a lesser-included offense to sexual battery and battery as a lesser-included offense to domestic battery by strangulation.
When sentencing appellant, the court considered a subsequent, uncharged episode of misconduct wherein appellant allegedly made unwanted sexual advances towards a different woman. The court, considering both the criminal conduct of which appellant was convicted as well as the uncharged conduct, sentenced appellant to four years in prison followed by one year of community control for false imprisonment, and one year of community control for the two battery convictions to be served concurrently. This appeal ensues.
Appellant first argues that the trial court erred in allowing the state to redact two parts of his 911 call. We review a trial court’s evidentiary decisions for abuse of discretion as limited by the rules of evidence. See McDuffie v. State, 970 So.2d 312, 326 (Fla. 2007). A trial court abuses its discretion when it applies an “erroneous view of the law.” Id. (citation omitted).
Section 90.108(1), Florida Statutes (2015), provides:
When a writing or recorded statement or part thereof is introduced by a party, *615 an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously. An adverse party is not bound by evidence introduced under this section.
“This rule is known as the ‘rale of completeness,’ and its purpose is to avoid the potential for creating misleading impressions by taking statements out of context.” Larzelere v. State, 676 So.2d 394, 401 (Fla. 1996), “[T]he standard for determining whether the additional portions of the statement should have been admitted is whether, in the interest of fairness, the jury should hear the remaining portions at the same time so as to avoid the potential for creating misleading impressions by taking statements out of context.” Mason v. State, 719 So.2d 304, 305 (Fla. 4th DCA 1998). “The rale of completeness, however, is not absolute and a trial court may exercise its discretion to exclude irrelevant portions of a recorded statement.” Pulcini v. State, 41 So.3d 338, 348 (Fla. 4th DCA 2010).
For example, in Mason, the defendant was seen leaving the scene of a recent burglary and told a witness, “I told him I wanna leave, get outta the neigh—I wanna leave. I didn’t wanna be caught up in that sh-t ‘cause it was wrong.” 719 So.2d at 305. This court held it violated the rale of completeness for the state to introduce the first sentence and not the second because the second sentence “shed light upon the part already admitted.” Id. (citation omitted). See also Metz v. State, 59 So.3d 1225, 1226-27 (Fla. 4th DCA 2011) (admitting the defendant’s incriminating statements while omitting the defendant’s exculpatory statements violated the rule of completeness).
In the present case, the trial court did not abuse its discretion. Appellant concedes that the redacted 911 tape was not misleading but argues that it was “unfair” to allow the state to redact portions of the tape and that the statute requires admission of any part of a statement “that in fairness ought to be considered contemporaneously.” § 90.108(1), Fla. Stat. However, in the version of the tape the jury heard, appellant accused the victim of attacking him and referenced the victim’s prior criminal history. Redacting the tape to remove additional references to the victim’s prior bad acts did not have the “potential for creating [a] misleading impression!]” of the recording. See Pulcini, 41 So.3d at 348. Additionally, the redacted, non-responsive hearsay statements did not “shed light upon” any other part of the 911 tape. See Mason, 719 So.2d at 305. Finally, even if the trial court did err, any error would be harmless. The references to the victim’s prior bad acts would have been merely cumulative as, even after the redaction, the tape contained references to the victim’s prior arrest, and appellant testified about the victim’s prior criminal history,
Next, appellant argues that his two convictions for battery violate double jeopardy because both battery convictions were for conduct occurring during the same criminal episode. “Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review.” Graham v. State, 207 So.3d 135, 137 (Fla. 2016). Although appellant did not raise this issue in the court below, we can consider this argument on appeal since a double jeopardy violation is fundamental error. See Hanfield v. State, 40 So.3d 905, 906-07 (Fla. 4th DCA 2010).
In the Florida Supreme Court’s recent Graham decision, the court identified two tests for determining whether convictions violate the constitutional prohibition against double jeopardy: the “different elements” test and the “distinct acts” *616 test. Graham, 207 So.3d at 137-39. “[WJhere the defendant is convicted multiple times under the same statute for acts that occurred during the course of a single criminal episode, a ‘distinct acts’ test is used, but ... where a defendant is convicted under multiple statutes for one act, the ‘different elements’ test applies.” Id. at 141. Here, because appellant was convicted twice under the same statute, battery, we use the “distinct acts” test. Pursuant to the “distinct acts” test:
“[WJhen the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.” ... “The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. If the latter, there can be but one penalty.”
Id. at 139 (alteration in original) (citation omitted) (quoting Blockburger v. United States, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).
Applying Graham to the present case, no double jeopardy violation occurred. Appellant was charged with one count of sexual battery for allegedly penetrating the victim’s vagina with his finger and was convicted of the lesser-included offense of battery. Appellant was also charged in another count with domestic battery by strangulation and subsequently convicted of the lesser-included offense of battery. Therefore, even though both of appellant’s battery convictions occurred within the same criminal episode and were part of a “common stream of action,” in this case “each act is punishable separately” because the “individual acts” of battery are distinct and prohibited. Id.
Finally, appellant argues the lower court erred when it considered subsequent, uncharged misconduct when sentencing him. The state concedes error, citing Norvil v. State, 191 So.3d 406 (Fla. 2016). We accept the state’s concession of error. We therefore reverse and remand for resentencing before a different judge “to preclude any perception on [appellant’s] part that the resentencing may not be conducted in a completely fair and impartial manner.” Mirutil v. State, 30 So.3d 588, 591 (Fla. 3d DCA 2010) (quoting Berry v. State, 458 So.2d 1155, 1156 (Fla. 1st DCA 1984)).
In summary, we find the trial court did not abuse its discretion in permitting the state to redact only two small parts of appellant’s 911 call. We further conclude that under Graham, appellant’s two battery convictions did not violate double jeopardy. Finally, we find the remainder of appellant’s arguments directed towards his convictions to be without merit and affirm without comment. However, we reverse appellant’s sentence and remand for resen-tencing before a different judge.

Affirmed in part, reversed in part, and remanded.

Ciklin, C.J., and Forst, J., concur.