# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1848
Lower Tribunal No. 09-41439
_____

**Gregory Martin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

PER CURIAM.

Gregory Martin appeals his convictions for domestic battery by strangulation and two counts of simple battery. Martin claims these convictions violate double jeopardy because he was "convicted twice—for domestic battery by strangulation and simple battery—for a single act of strangulation."

Martin's argument is without merit. The record plainly reveals that Martin committed two separate, distinct acts of strangulation at two different times and in two different locations. No double jeopardy violation occurred. See Graham v. State, 207 So. 3d 135, 137–39 (Fla. 2016) (citation omitted) (quoting Blockburger v. U.S., 284 U.S. 299, 302 (1932) ("If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie' . . . 'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately."); see also Schwartzberg v. State, 215 So. 3d 611, 616 (Fla. 4th DCA 2017) (concluding double jeopardy was not violated because "even though both of appellant's battery convictions occurred within the same criminal episode and were part of a 'common stream of action,' . . . 'each act is punishable separately' because the 'individual acts' of battery are distinct and prohibited.").

Affirmed.