# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0815
Lower Tribunal No. F17-10316
_____

**Norge Cruz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

Norge Cruz appeals his conviction and sentence for one count of criminal conspiracy to tamper with physical evidence. Finding no merit to Cruz's arguments that he is entitled either to a judgment of acquittal or a new trial, we affirm.

## I.      Relevant Background

Cruz was arrested and charged by Information with attempted first-degree murder for the May 15, 2017 shooting of Donnson Jimenez.[1] When the police took Cruz into custody, he had a Samsung Galaxy cellphone on his person. While Cruz was in jail awaiting trial, Cruz had a telephone conversation with his wife that was recorded by jail authorities. In the call, Cruz referenced the cellphone, gave his wife the password to his Google account, implored her repeatedly to log in to the account to access the cellphone and to then "crash that shit so the cops can't go through my shit." The wife repeatedly responded "uh huh" to Cruz's instructions.

Any subsequent attempt by the wife to wipe the memory from the cellphone proved fruitless as the police ultimately obtained a search warrant for the cellphone that revealed numerous incriminating text messages about the shooting and cellular data reflecting the cellphone's location near the

---

[1] Jimenez identified another individual as the shooter and Cruz as the driver of the getaway car.

crime scene around the time of the shooting. The State then filed an Amended Information charging Cruz with the additional crime of criminal conspiracy to tamper with physical evidence (i.e., Cruz's instructing his wife to "crash" and/or wipe the Samsung Galaxy's memory).

Following a four-day jury trial, at which the relevant portion of the phone call was played to the jury, the jury found Cruz not guilty of attempted first-degree murder, but guilty of conspiracy to tamper with physical evidence. The trial court entered a judgment of acquittal for attempted murder and, for the conspiracy conviction, sentenced Cruz to three hundred days in the county jail followed by four years of probation. Cruz timely appealed his conspiracy conviction.

## II.     Analysis

In this appeal, Cruz raises three issues. We address each in turn.

First, Cruz argues that the trial court erred by denying his motion for judgment of acquittal,[2] claiming the State presented no competent, substantial evidence that Cruz participated in a conspiracy to tamper with

---

[2] "When ruling on a motion for judgment of acquittal, the trial court must determine whether the evidence adduced at trial, when viewed in a light most favorable to the State, would allow a rational trier of fact to find 'the existence of the elements of the crime beyond a reasonable doubt.'" Perdomo v. State, 336 So. 3d 767, 768 (Fla. 3d DCA 2021) (quoting Bush v. State, 295 So. 3d 179, 201 (Fla. 2020)). In general, this Court must affirm where a conviction is supported by competent, substantial evidence. Id.

3

physical evidence. This argument is meritless. "[T]he crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense; both the agreement and an intention to commit an offense are essential elements of this crime." Pino v. State, 573 So. 2d 151, 152 (Fla. 3d DCA 1991). Importantly, "direct proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed." Herrera v. State, 532 So. 2d 54, 58 (Fla. 3d DCA 1988) (quoting McCain v. State, 390 So. 2d 779, 780 (Fla. 3d DCA 1980)). In the jailhouse recording of the telephone call between Cruz and his wife, Cruz plainly instructed his wife to delete the data on Cruz's cellphone, and told her how to do it, so the police could not obtain the data. Viewed in context with the surrounding circumstances – i.e., Cruz was in prison for attempted first-degree murder and the police investigation was ongoing – and in a light most favorable to the State, there was competent, substantial evidence for the jury to conclude from this telephone conversation that Cruz intended to commit the crime of tampering with physical evidence and that his wife agreed to do so. See § 777.04(3), Fla. Stat. (2017) (defining the offense of criminal conspiracy); § 918.13(1)(a), Fla. Stat. (2017) (defining the offense of tampering with physical evidence).

4

Second, Cruz argues that the trial court abused its discretion[3] by not severing the conspiracy charge from the attempted first-degree murder charge. This argument also lacks merit because multiple offenses "based on the same act or transaction or on 2 or more connected acts or transactions" may be charged in the same information. Fla. R. Crim. P. 3.150(a). Further, Cruz made no showing below that "severance [was] appropriate to promote a fair determination of [his] guilt or innocence of each offense[.]" Fla. R. Crim. P. 3.152(a)(2)(A).

Finally, Cruz argues that the trial court abused its discretion, violating the "rule of completeness," by denying Cruz's request to play to the jury the entirety of the jailhouse telephone call between Cruz and his wife.

The "rule of completeness" is codified in Florida's evidence code and, states, in relevant part, as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.

---

[3] See Luongo v. State, 278 So. 3d 871, 874 (Fla. 4th DCA 2019) ("We review a trial court's decision to consolidate or sever charges for an abuse of discretion.").

§ 90.108(1), Fla. Stat. (2017). The purpose of the rule is "to avoid the potential for creating misleading impressions by taking statements out of context." Larzelere v. State, 676 So. 2d 394, 401 (Fla. 1996).

By its express terms, the rule of completeness is not absolute, and in the interest of fairness, "a trial court may exercise its discretion to exclude irrelevant portions of a recorded statement." Pulcini v. State, 41 So. 3d 338, 348 (Fla. 4th DCA 2010). A trial court's "fairness determination" under the rule is reviewed for an abuse of discretion. See Larzelere, 676 So. 2d at 402.

The trial court determined that the vast majority of the thirty-one-minute call was entirely irrelevant to the issues being tried, and Cruz points to no portion of the excluded call that was in any way relevant to the case or that would have shed any light on the portions of the phone call that were admitted. See Mason v. State, 719 So. 2d 304, 305 (Fla. 4th DCA 1998). Under these circumstances, we cannot conclude that the trial court abused its discretion.

Affirmed.