657 So.2d 40 (1995)
Raymond BRADHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 94-572.
District Court of Appeal of Florida, First District.
June 27, 1995.
Nancy A. Daniels, Public Defender, Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
On September 28, 1993, appellant knocked his victim from her bicycle and carried her into nearby woods where he beat and raped her. He was charged with and convicted of kidnapping during which an aggravated battery was committed, contrary to sections 787.01(2) and 775.087(1)(a), Florida Statutes, sexual battery, and aggravated battery. On *41 appeal, appellant raises two double jeopardy claims. Because one of these claims is valid, we reverse appellant's separate conviction for aggravated battery.
Section 775.087(1)(a), Florida Statutes, provides for re-classification of a felony from a first degree felony to a life felony, if "during the commission of such felony the defendant commits an aggravated battery." Appellant was convicted of kidnapping and of committing an aggravated battery during the commission of this felony in violation of section 775.087(1), and his kidnapping offense was re-classified as a life felony. Appellant also was convicted of aggravated battery under section 784.045(1)(a)1.
To determine for double jeopardy purposes whether offenses are separate criminal offenses, the court must look only at the statutory elements of the offenses. See State v. Smith, 547 So.2d 613, 616 (Fla. 1989) ("[T]he statutory element test shall be used for determining whether offenses are the same or separate."). The legislature has declared that "offenses are separate if each criminal offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. See Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993), aff'd, State v. Brown, 633 So.2d 1059 (Fla. 1994). In the instant case, section 775.087(1) requires proof of a felony in which the use of a weapon or firearm is not an essential element and an aggravated battery to re-classify the felony. Violation of section 784.045(1)(a)1 obviously requires proof of an aggravated battery. Because each crime does not require proof of an element that the other does not, appellant's conviction under both statutes violates the principle of double jeopardy. Appellant is being punished for the same offense of aggravated battery through conviction of one count of aggravated battery and re-classification of the kidnapping offense to a life felony.
Appellant's second double jeopardy claim, that aggravated battery is a lesser offense subsumed by the crime of sexual battery, fails. First, sexual battery requires a sexual attack, but aggravated battery does not. Hipp v. State, 509 So.2d 1208, 1210 (Fla. 4th DCA 1987). Second, aggravated battery requires proof of the actual infliction of great bodily harm, permanent disability, or permanent disfigurement, which is not an element of sexual battery. These disparate elements evidence that these are separate offenses. Id.
The separate conviction for aggravated battery is reversed and this cause is remanded to the trial court for re-sentencing and correction of the judgment. The judgment, sentence, and sentencing scoresheet should clearly reflect that appellant was not only convicted of kidnapping to facilitate a felony under section 787.01, Florida Statutes, but also of aggravated battery in violation of section 775.087, which re-classified the kidnapping as a life felony.
ERVIN and MINER, JJ., concur.
BENTON, J., concurs in result.