742 So.2d 366 (1999)
Ricardo TORNA, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2941.
District Court of Appeal of Florida, Third District.
August 18, 1999.
*367 Bennett H. Brummer, Public Defender, and William A. Cain, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and M. Rebecca Springer, Assistant Attorney General, for appellee.
Before NESBITT, SHEVIN, and SORONDO, JJ.
NESBITT, J.
Ricardo Torna challenges, on double jeopardy grounds, his conviction of both "burglary with an assault and/or battery in an occupied dwelling" and (simple) "battery" arising from the same criminal episode. We agree with Torna that allowing both of these convictions to stand would violate the constitutional prohibition against double jeopardy. Therefore, we vacate Torna's conviction of "battery" and remand to the trial court for resentencing on the "burglary with an assault and/or battery" conviction.
Following an incident in which Torna broke into the home of a neighbor, punched her, chased her, and threw her to the ground, Torna was charged with "burglary with an assault and/or battery" per section 810.02(2)(a), Florida Statutes, and with aggravated battery (on a pregnant woman).[1] He was convicted of "burglary with an assault and/or battery" and (simple) "battery" (as a lesser included offense of the aggravated battery charge).
The verdict form indicated that Torna was "guilty as to the offense of burglary... with an assault and/or battery" and "guilty of battery as a lesser included offense of [aggravated battery on a pregnant woman.]" This verdict form is the crux of the problem here as it contained no indication as to whether the jury had found that Torna had committed a "burglary with an assault" or a "burglary with a battery." Given Torna's additional conviction of "battery", the determination of "with an assault" or "with a battery" was necessary so as not to run afoul of the double jeopardy issue. Since the determination was not made, and we cannot now guess what the jury was thinking, we must conclude that Torna was indeed subjected to double jeopardy by his conviction of both "burglary with an assault and/or battery" and "battery." See e.g., Fields v. State, 24 Fla. L. Weekly D1231, 735 So.2d 541 (Fla. 2d DCA 1999); Bronson v. State, 654 So.2d 584 (Fla. 2d DCA 1995). In fact, if anything, the facts of this case lend themselves more to supporting a "burglary with a battery" conviction than a "burglary with an assault" conviction. Torna consummated his assault upon his neighbor by punching her and, later, throwing her to the ground; a battery was committed.
We urge that, in future cases involving charges of a violation of section 810.02(2)(a), the jury be tendered a verdict form that clearly indicates perhaps by boxes to be checked off whether the conviction is of burglary with an assault or burglary with a battery, so as to avoid the double jeopardy issues addressed in the instant case.
Torna cannot properly stand convicted of both of these offenses. Therefore, we vacate Torna's conviction of (simple) battery. We affirm Torna's conviction of "burglary with an assault and/or battery" and remand for resentencing on this conviction. Torna's additional points on appeal are without merit.
NOTES
[1] Torna was acquitted of other charges related to this criminal episode-a false imprisonment charge and two misdemeanor battery charges.