928 So.2d 420 (2006)
William RAMIREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2801.
District Court of Appeal of Florida, Third District.
April 26, 2006.
Rehearing Denied May 26, 2006.
Bennet H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before GREEN and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendant, William Ramirez, appeals his conviction on the grounds that (1) the trial court abused its discretion in denying the defendant's motion for a continuance, and (2) the double jeopardy clause prohibited the defendant from being convicted of aggravated battery.
On June 30, 2003, a witness observed the defendant choking the victim, Bonnie Montak, around her neck. The defendant threatened to kill the victim and shouted that he had a knife. A police officer and a hostage negotiator attempted to convince the defendant to release the victim but were unsuccessful. Thereafter, the SWAT team arrived and arrested the defendant. A crime scene technician collected the knife that the defendant used while holding the victim hostage. The victim had a number of lacerations on her chest, neck, and upper torso.
On July 21, 2003, the State of Florida (the "State"), filed an information charging the defendant with kidnapping with a weapon, and aggravated battery with a deadly weapon. Prior to trial, defense counsel requested a continuance on the ground that he was not prepared for trial. *421 The trial court denied defense counsel's motion for a continuance.
After the denial of the continuance, the State moved to exclude a defense expert witness from testifying at trial since defense counsel failed to give the State proper notice that the defense intended to call a doctor to try to establish that the defendant did not have the specific intent to commit the crimes of kidnapping and aggravated battery. The trial court granted the State's motion because defense counsel failed to comply with Florida Rule of Criminal Procedure 3.216(e).
At the conclusion of the trial, the jury found the defendant guilty of kidnapping without a weapon and made a special finding that the defendant was guilty of aggravated battery during the commission of the kidnapping. The jury also found the defendant guilty on the separate count of aggravated battery. At the sentencing hearing on October 1, 2004, the trial court sentenced the defendant to twenty (20) years in prison for the kidnapping charge, but suspended entry of sentence as to the aggravated battery charge since the kidnapping charge was enhanced by the jury's finding that the defendant committed an aggravated battery during the commission of the kidnapping pursuant to section 775.087, Florida Statutes (2003).
On appeal, the defendant argues that the trial court abused its discretion in denying the defendant's motion for a continuance. The defendant further argues that the double jeopardy clause prevents the defendant from being convicted of aggravated battery since the defendant's conviction was enhanced from a first degree felony to a life felony based on the fact that he committed an aggravated battery during the commission of the kidnapping pursuant to section 775.087, Florida Statutes (2003). The defendant relies on Bradham v. State, 657 So.2d 40 (Fla. 1st DCA 1995) to support his assertion that, if a defendant's kidnapping conviction is based on the fact that an aggravated battery was committed during the commission of the kidnapping and no weapon was involved, the double jeopardy clause prohibits a separate conviction for the aggravated battery charge.
In the instant case, the jury specifically found that no weapon was used during the commission of the kidnapping and the kidnapping was enhanced solely based on the fact that an aggravated battery was committed during the commission of the kidnapping. Additionally, the State concedes on this issue, agreeing that the defendant is being punished twice for the same aggravated battery, once for the actual aggravated battery conviction and once for the reclassification of the kidnapping charge to a life felony. Accordingly, we reverse and vacate the conviction on the aggravated battery count. We affirm on the other issue on appeal.
Reversed in part, affirmed in part.