GERBER, J.
 

 Allen Finkley, the defendant below, appeals his conviction and sentence on four counts: burglary of a dwelling with aggravated battery, robbery with aggravated battery, aggravated battery, and grand theft of an automobile. The defendant argues his conviction for aggravated battery violates double jeopardy because it was subsumed within the greater offenses of burglary with aggravated battery and robbery with aggravated batteiy. We agree.
 

 “Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.”
 
 Binns v. State,
 
 979 So.2d 439, 441 (Fla. 4th DCA 2008) (citation omitted). Here, it was undisputed the aggravated battery for which the defendant was convicted did not involve a weapon and was the same event which enhanced the burglary and robbery convictions. Because the defendant is being punished more than once for the same aggravated battery, we must reverse his conviction for aggravated battery.
 
 See Ramirez v. State,
 
 928 So.2d 420, 421 (Fla. 3d DCA 2006) (double jeopardy clause prevented defendant from being convicted of aggravated battery since defendant’s kidnapping conviction was enhanced based on aggravated battery);
 
 Bradham v. State,
 
 657 So.2d 40, 41 (Fla. 1st DCA 1995) (reversing conviction for aggravated battery because defendant already was being punished through re-classification of kidnapping offense to life felony due to aggravated battery). To the extent reversing the aggravated battery conviction will require
 
 *330
 
 correction of the defendant’s scoresheet, we also remand for re-sentencing on the other three counts.
 
 Bradham,
 
 657 So.2d at 41.
 

 The defendant also argues in this direct appeal that his trial counsel was ineffective. On that argument, we affirm because the defendant has not shown any basis to raise ineffectiveness of counsel on direct appeal.
 
 See Jones v. State,
 
 815 So.2d 772, 772 (Fla. 4th DCA 2002) (“[Un-effective assistance of counsel will only be addressed on direct appeal for the first time when the facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown.”). This opinion, however, is without prejudice to the defendant raising his claim in an appropriate motion under Florida Rule of Criminal Procedure 3.850. We make no comment on whether such a motion would have merit or not.
 

 Affirmed in part, reversed, in part, and remanded for re-sentencing.
 

 DAMOORGIAN and LEVINE, JJ„ concur.