COPE, J.
 

 This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
 

 Defendant-appellant Davila was convicted of thirty counts of aggravated child abuse, one count of child neglect, one count of child abuse, and three counts of kidnapping. His direct appeal was affirmed in
 
 Davila v. State,
 
 829 So.2d 995 (Fla. 3d DCA 2002).
 

 The defendant filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court entered an interlocutory order denying some of the claims and ordering the State to file a supplemental response on other claims. The State filed its supplemental response. A successor judge entered an omnibus order denying all of the claims.
 
 [1]
 
 
 *7
 
 By motion for rehearing, the defendant raised additional claims, which were also denied. The defendant has appealed.
 

 The defendant argues that the three counts of kidnapping must be vacated. He maintains that as a matter of law, a parent cannot be convicted of kidnapping his own child. That is the general rule.
 
 Johnson v. State,
 
 637 So.2d 3, 4 (Fla. 3d DCA 1994). In this case the defendant is the father of the child at issue, and there was no order which had deprived the defendant of his custody rights.
 

 We have recognized an exception, however, to the general rule where the parent “does not simply exercise his rights to the child, but takes her for an ulterior and unlawful purpose which is specifically forbidden by the kidnapping statute itself.”
 
 Lafleur v. State,
 
 661 So.2d 346, 349 (Fla. 3d DCA 1995). The Second District disagrees with this court on this issue.
 
 Muniz v. State,
 
 764 So.2d 729, 731 (Fla. 2d DCA 2000);
 
 cf. Andre v. State,
 
 13 So.3d 103, 105 (Fla. 4th DCA 2009) (fundamental error to convict child’s father of aggravated false imprisonment where there was no testimony that the child’s custodian, her godmother, had legal custody or guardianship). Stated differently, if this case were pending in the Second District, then the defendant would be entitled to relief on the kidnapping issue. Accordingly we follow
 
 Lafleur
 
 and certify direct conflict with
 
 Muniz.
 

 [2]
 

 The defendant argues alternatively that there is a double jeopardy violation. At the time of the charged crimes, the child who was the victim of the child abuse was under age thirteen. Under the kidnapping statute, the kidnapping offense is enhanced from a first-degree felony punishable by life imprisonment, to a life felony, where the kidnapping victim is a child under the age of thirteen and the defendant commits aggravated child abuse on that child. § 787.01(2), (3), Fla. Stat. (2000).
 
 [3]
 
 The defendant argues that it is prohibited to convict him of aggravated child abuse and then use the same acts of aggravated child abuse to enhance the kidnapping charge from a first-degree felony punishable by life imprisonment, to a life felony. The postconviction record now before us does not conclusively refute this claim.
 
 See
 
 Fla. RApp. P. 9.141(b)(2)(D). We therefore reverse this part of the trial court’s order and remand for further proceedings. If, in fact, the same acts that were the basis of the aggravated child abuse convictions also form the basis for enhancement of the kidnapping convictions, then the defendant is entitled to relief.
 
 See Ramirez v. State,
 
 928 So.2d 420, 421 (Fla. 3d DCA 2006);
 
 Bradham v. State,
 
 657 So.2d 40, 41 (Fla. 1st DCA 1995);
 
 see also Cleveland v. State,
 
 587 So.2d 1145, 1146 (Fla.1991);
 
 Finkley v. State,
 
 16 So.3d 329 (Fla. 4th DCA 2009). In that event, the State will have the option to delete the enhancement on the kidnapping convictions, thus reducing the convictions to a first-degree felony punishable by life imprisonment, or alternatively, strike the aggravated child abuse convictions that form the basis for the enhancement.
 
 [4]
 

 The defendant claims a double jeopardy violation involving kidnapping in counts
 
 *8
 
 forty-three through forty-five, and counts thirty-seven through thirty-nine. It does not appear that this claim was addressed. Accordingly we remand for further proceedings on that issue.
 

 The defendant alleges that his trial counsel specifically conceded the defendant’s guilt on multiple counts at trial, without his consent. In its response in the trial court, and in this court, the State concedes that the defendant is entitled to an evidentiary hearing on this issue. We remand for that purpose.
 

 The defendant maintains that it was a double jeopardy violation to charge him with multiple acts of aggravated child abuse occurring over a six-month period. We reject the defendant’s argument.
 
 See Overway v. State,
 
 783 So.2d 373, 373-74 (Fla. 5th DCA 2001);
 
 see also State v. Meshell,
 
 2 So.3d 132, 135 (Fla.2009);
 
 McKnight v. State,
 
 906 So.2d 368, 370-72 (Fla. 5th DCA 2005);
 
 Marion v. State,
 
 674 So.2d 878, 879 (Fla. 3d DCA 1996).
 

 We affirm regarding the remaining issues on appeal.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 [1]
 

 . The omnibus order was dated February 22, 2007. In addition to denying the defendant’s rule 3.850 claims, the order also denied the defendant's motion to correct illegal sentence filed on September 23, 2005 under Florida Rule of Criminal Procedure 3.800(a). The rule 3.800(a) motion is not at issue in this appeal, as it had previously been denied and
 
 *7
 
 that denial was affirmed by this court.
 
 Davila v. State,
 
 948 So.2d 931 (Fla. 3d DCA 2007).
 

 [2]
 

 .The defendant also argues that his trial counsel was ineffective for failing to raise this issue in the trial court, and argues that the special jury instruction obtained by the State regarding this issue constitutes fundamental error. We affirm the denial of those claims on authority of
 
 Lafleur.
 

 [3]
 

 . The crime dates were February-July 2000.
 

 [4]
 

 . As already stated, there are three counts of kidnapping but thirty counts of aggravated child abuse.