HAZOURI, J.
 

 Defendant, Mario Babrow, appeals his convictions and sentences for burglary with assault or battery, assault, and battery. Babrow raises three issues on appeal: (1) the state’s closing argument constituted fundamental error; (2) Babrow was improperly sentenced as a prison re-leasee reoffender; and (3) Babrow’s convictions for assault and battery violated his constitutional double jeopardy protection. While we find the first two issues lack merit, we reverse Babrow’s convictions for assault and battery.
 

 “Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.”
 
 Finkley v. State,
 
 16 So.3d 329, 329 (Fla. 4th DCA 2009) (quoting
 
 Binns v. State,
 
 979 So.2d 439, 441 (Fla. 4th DCA 2008) (citation omitted)). “The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense.”
 
 McKinney v. State,
 
 51 So.3d 645, 647 (Fla. 1st DCA 2011) (quoting
 
 Gordon v. State,
 
 780 So.2d 17, 19 (Fla.2001)).
 

 In the instant case, the state concedes that Babrow’s convictions for assault and battery should be vacated because they violate double jeopardy. Following a jury trial, Babrow was found guilty of burglary with assault or battery, assault, and battery. All three counts involved the same victim and incident and the verdict form did not indicate whether the jury determined Babrow had committed “burglary with an assault,” or “burglary with a battery.” Consequently, Babrow’s convictions violated the constitutional prohibition against double jeopardy.
 
 See, e.g., Torna v. State,
 
 742 So.2d 366, 367 (Fla. 3d DCA 1999) (holding that convictions for both burglary with an assault and/or battery, and simple battery, arising from the same
 
 *1207
 
 criminal episode, violated the constitutional prohibition against double jeopardy, absent specification that former conviction was for burglary with an assault, rather than burglary with a battery).
 

 Accordingly, we reverse and remand for the trial court to vacate Babrow’s convictions for assault and battery because they violate double jeopardy. We affirm Ba-brow’s conviction for burglary with assault or battery, and remand for resentencing on this conviction.
 

 Affirmed in Part; Reversed in Part and Remanded.
 

 GROSS, C.J., and CIKLIN, J., concur.