# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3782

_____

TIMOTHY BARBER,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

January 10, 2019

WETHERELL, J.

Appellant was convicted of multiple offenses arising out of a fight in the parking lot of a fried chicken restaurant, including "burglary of conveyance with person assaulted" (count I) and battery (count III). Appellant raises four issues on appeal, only one of which merits discussion: whether his convictions on counts I and III violate double jeopardy. We affirm.

Appellant was charged in count I with burglary of a conveyance with assault or battery,[1] and he was charged in count

_____

[1] *See* § 810.02(2)(a), Fla. Stat. (2016) ("Burglary is a felony of the first degree, punishable by imprisonment for a term of years

III with aggravated battery with a deadly weapon. Both offenses involved the same victim and occurred during the same criminal episode, and both offenses were predicated on the same act: a beating administered to the victim while he was sitting in his car.

The jury found Appellant guilty as charged on count I and guilty of the lesser included offense of battery on count III. On count I, the jury specifically found that in the course of the burglary Appellant committed both an assault and a battery.[2] The trial court adjudicated Appellant guilty of both offenses and sentenced him to the scoresheet minimum of 97.43 months in prison on count I and time-served on count III.[3]

Appellant contends that his convictions on counts I and III violate double jeopardy. We review this claim de novo. *Graham v. State*, 207 So. 3d 135, 137 (Fla. 2016) ("Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review.").

Double jeopardy bars dual convictions for burglary with *battery* and simple battery. *See Spradley v. State*, 537 So. 2d 1058 (Fla. 1st DCA 1989). It also bars dual convictions for burglary with

---

not exceeding life imprisonment . . ., if, in the course of committing the offense, the offender . . . [m]akes an assault *or* battery upon any person.") (emphasis supplied).

[2] The verdict form provided:

COUNT I

WE, the Jury, find the defendant, Timothy J. Barber, guilty as charged of Burglary of Conveyance with Person Assaulted or Battered. In the Course of the burglary the defendant:

Committed an Assault: Yes ✓ No_____ .

Committed a Battery: Yes ✓ No_____ .

[3] The battery offense was listed as an "additional offense" on the scoresheet, but for some reason, 0 points (rather than 0.2 points) were attributed to that offense. *See* § 921.0024(1)(a), Fla. Stat. (2016) (providing for 0.2 points or each additional offense that it a misdemeanor); Fla. R. Crim. P. 3.992(a) (same). Thus, the battery conviction had no impact on Appellant's scoresheet or sentence.

2

assault and/or battery and simple battery when it is unclear whether the jury convicted the defendant of burglary with assault *or* burglary with battery. *See Babrow v. State*, 62 So. 3d 1205 (Fla. 4th DCA 2011); *Young v. State*, 43 So. 3d 876 (Fla. 5th DCA 2010); *Torna v. State*, 742 So. 2d 366 (Fla. 3d DCA 1999).

Here, the verdict form for count I reflects that the jury found Appellant guilty of *both* burglary with assault *and* burglary with battery. Accordingly, the cases cited above are distinguishable. *Cf. Torna*, 742 So. 2d at 367 (suggesting that "in future cases involving charges of a violation of section 810.02(2)(a), the jury be tendered a verdict form that clearly indicates perhaps by boxes to be checked off whether the conviction is of burglary with an assault or burglary with a battery, so as to avoid the double jeopardy issues addressed in the instant case.").

Double jeopardy does not bar dual convictions for burglary with *assault* and simple battery because the offenses include different elements and none of the exceptions in section 775.021(4), Florida Statues,[4] apply. *See Garcia v. State*, 594 So. 2d 806, 807 (Fla. 1st DCA 1992) ("The elements of assault . . . and the elements of battery . . . are distinctly different, and assault is not a necessarily lesser included offense subsumed in the offense of battery."). Accordingly, because the jury verdict clearly shows that Appellant was found guilty of burglary of a conveyance with *assault* in count I, he could be convicted and sentenced for that offense and the offense of battery in count III without violating double jeopardy.

For these reasons (and because we find no merit in the other issues raised by Appellant), we affirm Appellant's judgment and sentence.

---

[4] The statute provides three exceptions to the general rule that a defendant may be convicted and sentenced for each offense committed in the course of a single criminal episode: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses, the statutory elements of which are subsumed by the greater offense. § 775.021(4)(b), Fla. Stat. (2016)

AFFIRMED.

WOLF and LEWIS, JJ., concur.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____


Andy Thomas, Public Defender, and Kathleen Stover, Assistant
Public Defender, Tallahassee, for Appellant.

Ashley Brooke Moody, Attorney General, and Heather Flanagan
Ross, Assistant Attorney General, Tallahassee, for Appellee.