979 So.2d 439 (2008)
Leighton BINNS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-181.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
Leighton Binns, South Bay, pro se.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for respondent.
WARNER, J.
Petitioner claims ineffective assistance of appellate counsel in failing to raise as fundamental error a violation of double jeopardy in his multiple convictions for lewd and lascivious conduct. Because two of the charges occurred during a single episode, we grant the petition in part and direct the dismissal of one count of lewd and lascivious molestation. In all other respects, we deny the petition.
Binns was charged in five counts for sexual battery and lewd and lascivious acts against his daughter which occurred between October 10, 1998 and November 30, 1999. Count one alleged sexual battery; count two alleged a lewd and lascivious act of touching or rubbing the victim's vaginal area; count three alleged a lewd and lascivious *441 act by touching the victim's breast; count four alleged the lewd and lascivious act of touching the victim's breast with defendant's mouth; and count five alleged touching the victim's buttocks in a lewd and lascivious manner.
The charges arose out of two main incidents and casual touching throughout the time period alleged in the information. In the first incident, the victim testified that Binns penetrated her vagina with his penis. During this incident he also touched her breast. In the second incident, he also penetrated her with his penis, and during this incident he placed his mouth and hands on her breasts. As he did not use a condom during this incident, he wiped her off with a cloth after it was over. The victim also testified that he would frequently grab her breasts and buttocks in a sexual manner during the time she lived with him.
Binns was convicted of all charges and sentenced to life in prison for the sexual battery charge and concurrent fifteen-year terms on each of the lewd and lascivious act counts. No double jeopardy objection to his convictions and sentences was registered at trial, and appellate counsel did not raise the issue on appeal. He brought this petition for habeas corpus alleging ineffective assistance for failure to raise as fundamental error a double jeopardy violation.
Claims for ineffective assistance of appellate counsel are judged on the same criteria as set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our supreme court has explained:
[W]hen evaluating a claim for ineffective assistance of appellate counsel, this Court must determine: (1) whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance, and (2) whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.
Kormondy v. State, 32 Fla. L. Weekly S627, *16, ___ So.2d ___, ___, 2007 WL 2947870 (Fla. Oct. 11, 2007).
Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo. State v. Florida, 894 So.2d 941, 945 (Fla.2005). The issue could have been raised by appellate counsel for the first time on appeal despite the lack of an objection on this ground below. Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003) (reversing convictions for both sexual battery and lewd and lascivious battery based on the same act as violating double jeopardy and explaining that double jeopardy violation is fundamental error that can be raised for the first time on appeal). Therefore, it may constitute ineffective assistance of counsel, depending upon the state of the record.
As explained by the supreme court in State v. Paul, 934 So.2d 1167, 1171-72 (Fla.2006), "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). Before determining legislative intent, a court must first determine whether the charges arose from a single episode. Then, in the absence of a specific legislative intent to impose two punishments for crimes arising out of the same episode, courts generally apply the Blockburger[1] test, codified in section *442 775.021, Florida Statutes (1997), to determine whether separate offenses exist. Based upon a Blockburger analysis, the crimes of lewd and lascivious acts and sexual battery each contain an element that the other does not; therefore a conviction for sexual battery and lewd and lascivious act arising out of the same episode would not violate double jeopardy.
There were, however, four counts of lewd and lascivious conduct alleged against Binns, charged pursuant to an earlier version of section 800.04, Florida Statutes. As the elements of these crimes are all the same, the question becomes whether the record shows that any of them were part of the same episode. If they were, then Binns may be convicted of only one offense for each episode.
This court has explained, "In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences." Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001).
The charges in this case resulted from two separate vaginal penetrations of the victim and other generalized conduct. Count one of sexual battery and count three of lewd conduct by touching the victim's breast occurred during the first incident. Count five, involving the touching of the buttocks, did not occur during either specific episode but during other times when the victim was at home with the defendant. Therefore, the convictions and sentences on these charges do not violate double jeopardy.
That leaves counts two and four. Count two involves Binns touching or rubbing the victim's vaginal area with his hands. Count four charges touching the victim's breast with his mouth. From the facts involving the second incident, these occurred in one single episode, and the prosecutor argued as much in the closing argument. These are both lewd and lascivious acts, containing the same statutory elements and occurring in a single criminal episode. Binns should not have been convicted and sentenced for both of them, and appellate counsel should have argued this on direct appeal.
We grant the petition to the extent that the double jeopardy bar prevents conviction and sentencing on both counts two and count four. We direct that the trial court vacate the conviction and sentence on one of those counts. Resentencing on the other counts is not required. We deny all further relief requested in the petition as to all other grounds raised.
STEVENSON and MAY, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 302-04, 52 S.Ct. 180, 76 L.Ed. 306 (1932).