PER CURIAM.
 

 Joshua David Brown, in his petition filed in accordance with Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective when he failed to argue that two of Brown’s three convictions for lewd or lascivious offenses in violation of section 800.04, Florida Statutes (2005), are prohibited by double jeopardy considerations. We agree that appellate counsel was ineffective in failing to raise the double jeopardy issue, and we conclude that Brown is entitled to a belated direct appeal on this issue only.
 

 Brown was charged in a three-count information with one count of lewd or lascivious battery in violation of section
 
 *79
 
 800.04(4)(a) and two counts of lewd or lascivious molestation in violation of section 800.04(5)(a). Following a jury trial, Brown was convicted on count one of the lesser-included offense of attempted lewd or lascivious battery. He was convicted as charged on counts two and three. The judgments and sentences were affirmed on direct appeal.
 
 Brown v. State,
 
 974 So.2d 392 (Fla. 2d DCA 2007) (table decision).
 

 The victim testified at trial that she was in Brown’s swimming pool when he stripped down to his boxer shorts and got into the pool with her. Brown pushed the victim against the side of the pool and placed his fingers inside her vagina. After the victim tried to push him off, Brown took the victim’s hand and placed it around his penis, moving her hand up and down. When the victim attempted to get out of the pool, Brown pulled her back in, turned her on her back, moved her bathing suit aside, and placed his mouth on her sexual organ. This whole episode, which ended when the victim kicked Brown in the stomach, lasted about five minutes. The alleged oral contact was the basis of the charge in count one of the information. The digital penetration and the placement of the victim’s hand on Brown’s penis were charged in counts two and three, respectively.
 

 At the time of the direct appeal, this case was governed by our decision in
 
 Gisi v. State,
 
 848 So.2d 1278 (Fla. 2d DCA 2003). Gisi was charged with twelve violations of section 800.04, Florida Statutes (1997).
 
 [1]
 
 Each of the four separate episodes of sexual activity contained a violation of section 800.04(2) based on penile penetration or union with the vagina of the victim. Each episode also contained two violations of section 800.04(1) based on the union of Gisi’s mouth with the sexual organ of the victim and on Gisi’s digital penetration of the victim’s vagina.
 
 Id.
 
 at 1280. Gisi alleged that appellate counsel was ineffective in failing to argue that two out of the three convictions in each of the four sexual episodes were barred by double jeopardy considerations. Relying on
 
 Morman v. State,
 
 811 So.2d 714 (Fla. 2d DCA 2002), we concluded that each sexual episode occurred in the same temporal and spatial zone (the four episodes all took place in Gisi’s motel room) and consisted of a single continuous course of conduct.
 
 Gisi,
 
 848 So.2d at 1280. We noted that in
 
 Morman,
 
 this court determined that “ ‘the various lewd and lascivious acts were not sufficiently discrete for them to be deemed separate offenses within each episode.’ ”
 
 Id.
 
 (quoting
 
 Morman,
 
 811 So.2d at 717). Accordingly, we held that the failure of Gisi’s counsel to argue the double jeopardy claim constituted deficient performance that undermined confidence in the correctness and fairness of the result of the appeal. We granted Gisi a new appeal on this issue among others.
 
 Id.
 
 at 1281-82.
 

 In the present case, as in
 
 Gisi,
 
 Brown committed three lewd or lascivious acts in a single episode. Under the rationale of
 
 Gisi,
 
 which was the law at the time of the direct appeal, the acts were not sufficiently discrete for them to be deemed separate offenses within the episode. Thus we conclude that appellate counsel’s performance was deficient when he failed to argue that two of Brown’s convictions were prohibited by double jeopardy considerations. However, section 800.04 was extensively redrafted in 1999 and Brown, unlike Gisi, was charged under the amended statute. Subsequent to our decision in
 
 Broum,
 
 the supreme court in
 
 State v. Meshell,
 
 2 So.3d 132 (Fla.2009), considered
 
 *80
 
 whether two convictions for lewd and lascivious battery under section 800.04(4)(a), Florida Statutes (2006),
 
 [2]
 
 that were committed in a single criminal episode were violative of the prohibition against double jeopardy. The court noted that “the same sexual acts proscribed in the sexual battery statute are also proscribed in the lewd and lascivious battery statute, under which Meshell was charged.”
 
 Meshell,
 
 2 So.3d at 136. The court further noted that separate convictions for distinct acts of sexual battery that are committed in the course of a single episode are not prohibited by double jeopardy considerations.
 
 Id.
 
 at 135-36. Accordingly, the supreme court determined that “[bjecause the definitions of the proscribed sexual acts are identical, the same double jeopardy analysis for the sexual battery also applies to [subsection 800.04(4)(a) of] the lewd and lascivious battery statute.”
 
 Id.
 
 at 136. The court then held that Meshell’s two convictions for violations of section 800.04(4)(a) were not prohibited by double jeopardy considerations.
 
 Id.
 
 The court, however, specifically stated that its review of the double jeopardy issue was limited only to section 800.04(4).
 
 Id.
 
 at 134.
 

 Although this court must apply the law in effect at the time of the appeal to determine whether counsel’s performance was deficient,
 
 [3]
 
 we must apply the current law to determine whether Brown is entitled to relief on the issue raised.
 
 See Green v. State,
 
 18 So.3d 656 (Fla. 2d DCA 2009). As noted, Brown was convicted of one count of attempted lewd and lascivious battery pursuant to section 800.04(4)(a) and two counts of lewd and lascivious molestation pursuant to section 800.04(5)(a). The reasoning of
 
 Meshell
 
 does not apply to convictions under section 800.04(5)(a) because that section prohibits lewd and lascivious touching and proscribes sexual acts that are different from the acts that are proscribed by the sexual battery statute. Because the supreme court has not addressed the double jeopardy issue in the context of section 800.04(5)(a), we conclude that Brown is entitled to legal representation to argue his double jeopardy claim. Accordingly, we award Brown a new appeal on this claim only.
 

 We therefore grant the petition with instructions to the trial court to, within thirty days from the date of the mandate in this case, appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days from the date of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
 

 Petition granted.
 

 ALTENBERND, WHATLEY, and WALLACE, JJ., Concur.
 

 [1]
 

 . Section 800.04 was extensively redrafted in 1999. Ch. 99-201, § 6, at 1187-89, Laws of Fla.
 

 [2]
 

 . There is no difference between the 2005 and 2006 versions of section 800.04(4)(a).
 

 [3]
 

 . "The ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law.”
 
 Alvord v. State,
 
 396 So.2d 184, 191 (Fla.1981).