WETHERELL, J.
Sharyon Sanders appeals his convictions and sentences for two counts of lewd or *374 lascivious molestation. He raises two issues: 1) that his dual convictions violate double jeopardy, and 2) that the trial court erred in imposing a $20 surcharge for the Crime Stoppers Trust Fund and a $100 cost of prosecution. For the reasons that follow, we affirm Sanders’ convictions and sentences but remand for the trial court to strike the $20 surcharge.
Sanders was charged with two counts of lewd or lascivious molestation,[1] one count alleging that he “placed his mouth on [the victim’s] penis” and the other count alleging that he “forc[ed] [the victim] to touch the defendant’s penis.” The jury found Sanders guilty as charged. At sentencing, Sanders argued that double jeopardy precluded his conviction for both counts of lewd or lascivious molestation because the offenses occurred in one criminal incident. The trial court rejected this argument and sentenced Sanders as a prison release reoffender (PRR) to an aggregate term of 40 years in prison, including consecutive 15-year terms for the lewd or lascivious molestation offenses.
While this appeal was pending, Sanders filed a rule 3.800(b)(2) motion in which he challenged the imposition of consecutive PRR sentences and the imposition of certain fines and surcharges that were not orally announced by the trial court at the sentencing hearing. The trial court granted the motion in part, striking a $1,050 fine and a $52.50 surcharge and correcting Sanders’ sentence to reflect that he was sentenced as a PRR on only one of the lewd or lascivious molestation counts. The court denied the motion with respect to the $20 surcharge for the Crime Stoppers Trust Fund imposed pursuant to section 938.06(1), Florida Statutes (2009), and the $100 cost of prosecution imposed pursuant to section 938.27(8).
As he did below, Sanders contends on appeal that his convictions for both counts of lewd or lascivious molestation violate double jeopardy because the offenses arose out of the same criminal episode and collectively constitute one criminal offense. We review this claim de novo. See R.J.R. v. State, 88 So.3d 264, 267 (Fla. 1st DCA 2012) (citing Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006)).
Double jeopardy prohibits multiple convictions for the same offense, but there is no prohibition against multiple convictions and punishments for different offenses arising out of the same criminal episode so long as the Legislature intended to authorize separate punishments for the offenses. See Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009); Partch v. State, 43 So.3d 758 (Fla. 1st DCA 2010). Where, as here, there is no clear statement of legislative intent to authorize separate punishments, the court conducts a three-part inquiry to determine whether separate offenses exist or whether the same offense has been charged multiple times. See Partch, 43 So.3d at 760; see also Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010).
The court must first determine whether the offenses occurred in the same criminal episode. Smith, 41 So.3d at 1042. If so, then the court must determine whether the offenses are predicated on more than one distinct act. Id. If the charges are not predicated on distinct acts and occurred in the same criminal episode, the court then applies the Blockburger[2] test, as codified in section 775.021, Florida Statutes, to deter *375 mine whether each offense has an element that the other does not, and if so, whether any of the exceptions in that statute apply to preclude.separate convictions. Id. If it is determined that the charged offenses occurred in different criminal episodes or constituted different acts, no further analysis is necessary and the separate offenses do not violate double jeopardy. Id.; see also State v. Paul, 934 So.2d 1167, 1172 n. 3 (Fla.2006) (“Of course, if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern”), receded from in part by Valdes, 3 So.3d at 1068.
Here, the record establishes that the acts comprising the two lewd or lascivious molestation offenses occurred in the same location and in the same criminal episode with no significant temporal break between the two acts. But, as discussed below, the offenses are based on separate and distinct acts proscribed by the lewd or lascivious molestation statute. Accordingly, double jeopardy does not bar Sanders’ dual convictions for these offenses.
Section 800.04(5)(a), Florida Statutes (2009), defines the crime of lewd or lascivious molestation as “intentionally touching] in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forcing] or en-tic[ing] a person under 16 years of age to so touch the perpetrator ...” (emphasis added). Thus, a person can violate this statute in two separate and distinct ways: 1) by touching the victim in the proscribed manner, or 2) by forcing or enticing the victim to touch the person in the proscribed manner.
This court held in Roberts v. State, 39 So.3d 372 (Fla. 1st DCA 2010), that double jeopardy did not preclude multiple lewd or lascivious molestation convictions arising out of a single criminal episode. The defendant in Roberts was charged with two counts of sexual battery and two counts of lewd or lascivious molestation. Id. at 373. Each count was based on a different sexual act, with the lewd or lascivious molestation counts being committed 1) when the defendant touched the victim’s genitals with his hand and 2) when he touched the victim’s breasts and/or buttocks with his hands and/or mouth. Id. Applying the reasoning in State v. Meshell, 2 So.3d 132 (Fla.2009), this court held that because the lewd or lascivious molestation statute includes sexual acts of separate character and type requiring different elements of proof, double jeopardy does not preclude multiple convictions predicated on distinct acts committed during the same criminal episode. Id. at 373-74 (noting that the supreme court in Meshell clarified that sex acts proscribed in the lewd or lascivious battery statute, like the sexual battery statute, were of a separate character and type requiring different elements of proof and thus were distinct criminal acts, and punishment for such distinct acts did not violate double jeopardy); see also Comas v. State, 45 So.3d 49 (Fla. 1st DCA 2010) (applying Meshell and Roberts and holding that double jeopardy did not bar convictions for lewd or lascivious molestation and lewd or lascivious conduct because even though the offenses were committed during “basically the same incident,” they were based on distinct criminal acts), rev. denied 59 So.3d 107 (Fla.2011); but cf. Benjamin v. State, 77 So.3d 781 (Fla. 4th DCA 2011) (applying Paul and holding that double jeopardy bars dual convictions for lewd or lascivious molestation (for touching the victim in the genital area) and lewd or lascivious conduct (for kissing the victim on the neck) because the offenses occurred during the same criminal episode).
*376 The reasoning in Roberts applies with greater force in this case. The offenses in Roberts involved the defendant touching the victim in multiple places with his hands and/or his . mouth. Here, Sanders was charged with putting his mouth on the victim’s penis and also forcing the victim to touch his penis. Although these offenses occurred within a single criminal episode, they are clearly “sexual acts of a separate character and type requiring different elements of proof.” Roberts, 39 So.3d at 374 (quoting Meshell, 2 So.3d at 134). Accordingly, applying the rationale in Roberts, it follows that these offenses are “distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.” Id. (quoting Meshell, 2 So.3d at 135).
We recognize that the Second District stated in Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009), that “[t]he reasoning of Meshell does not apply to convictions under section 800.04(5)(a) because that section prohibits lewd or lascivious touching and proscribes sexual acts that are different from the acts that are proscribed in the sexual battery statute.” The court made this statement in the context of a petition alleging ineffective assistance of appellate counsel, not a direct appeal. Id. at 78. As a result, the court did not hold that the defendant was entitled to relief on his double jeopardy claim; rather, the court held that the defendant’s appellate counsel was ineffective for not raising the issue and, thus, the defendant was “entitled to legal representation to argue his double jeopardy claim.” Id. at 80. The court apparently rejected the claim on the merits because it per curiam affirmed the defendant’s subsequent appeal. See Brown v. State, 69 So.3d 283 (Fla. 2d DCA 2011) (table).
Like Sanders, the defendant in Brown was charged with lewd or lascivious molestation based on the two distinct acts mentioned in the statute. See Brown, 25 So.3d at 79 (explaining that the lewd or lascivious molestation counts were based on 1) the defendant touching the victim’s vagina, and 2) the defendant forcing the victim to touch his penis). Thus, the fact that the Second District ultimately affirmed the defendant’s convictions in Brown actually supports our decision in this case that double jeopardy does not preclude dual convictions for lewd or lascivious molestation arising out of the defendant both touching the victim and forcing the victim to touch him. But cf. Drawdy v. State, 98 So.3d 165, 171, n. 5 (Fla. 2d DCA 2012) (certifying conflict with Roberts and citing Brown for the proposition that “[t]he apparent trend [in the post -Meshell case law] has not reached far enough to deem different variations of section 800.04(5) lewd or lascivious molestation to be separate offenses for double jeopardy purposes”). Accordingly, we affirm Sanders’ convictions for both counts of lewd or lascivious molestation.
Sanders also challenges on appeal the imposition of the $20 surcharge for the Crime Stoppers Trust Fund and the $100 cost of prosecution. This court has repeatedly held that the $20 surcharge may not be imposed if no fine is imposed on the defendant.[3] See, e.g., Chamblee v. State, 93 So.3d 1184 (Fla. 1st DCA 2012); Lang v. State, 856 So.2d 1105 (Fla. 1st DCA *377 2003). Thus, because the trial court struck all of the fines imposed on Sanders when it granted his rule 3.800(b)(2) motion, it erred in failing to strike the $20 surcharge. The trial court did not, however, err in denying Sanders’ motion to strike the $100 cost of prosecution because that was a mandatory cost. See Hills v. State, 90 So.3d 927, 928 (Fla. 1st DCA 2012) (“The 2008 amendments to section 938.27(8) created mandatory minimum costs for the state attorney and removed the trial courts discretion to impose these costs.”).
In sum, we affirm Sanders’ convictions and sentences but remand for the trial court to strike the $20 surcharge for the Crime Stoppers Trust Fund.
AFFIRMED and REMANDED with instructions.
ROBERTS and SWANSON, JJ„ concur.

. Sanders was also charged with, and found guilty of, false imprisonment and providing obscene material to a minor. He does not challenge his convictions or sentences for these offenses.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. We recognize that, effective July 1, 2010, section 938.06(1) was amended to provide that the $20 assessment for the Crime Stoppers Trust Fund is a mandatory court cost rather than an additional surcharge on any fine imposed. See Ch. 2010-162, § 31, Laws of Fla. This amendment took effect after the date of Sanders’ offenses and, thus, the 2009 version of the statute applies in this case. See Comer v. State, 502 So.2d 513 (Fla. 1st DCA 1987).