CIKLIN, J.
Billy Wayne Webb appeals his two convictions for lewd and lascivious molestation. He raises four arguments, three of which we find to be without merit and do not discuss further. However, we agree with Webb’s fourth argument that his two convictions violate the prohibition on double jeopardy. As such, we reverse one of his convictions and remand the matter to the trial court for resentencing on the remaining conviction.
In June of 2010, the state charged Webb with two counts of lewd and lascivious molestation by an offender over eighteen years of age upon a victim between twelve and sixteen. The matter proceeded to a jury trial, where the victim testified that she had just turned twelve years old when the incident in question occurred. The victim was living with her father, who was having a party at his house one evening with about twenty to thirty people present. At some point that evening, Webb, whom the victim had never met before, arrived.
The victim testified that she was sitting on a couch watching television when Webb sat down next to her. Webb began talking to the victim and at one point asked her to be his girlfriend. The -victim said no, and then Webb proceeded to touch the victim’s breast, once underneath her shirt and once over her shirt. Webb then touched the victim’s crotch area over her jeans. The victim testified that all of the touchings occurred approximately within a ten-minute period.
The jury found Webb guilty of both counts of lewd and lascivious molestation and the trial court imposed concurrent life sentences.
On appeal, Webb argues that the dual convictions for the same crime — lewd and lascivious molestation — constitute double jeopardy because the acts upon which the charges were based occurred within a single criminal episode. We agree.
“Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.” Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008).
The Fifth Amendment’s protection against double jeopardy prohibits “multiple punishments for the same offense.” Yeye v. State, 37 So.3d 324, 325 (Fla. 4th DCA 2010) (citation omitted). “The prevailing standard for determining the constitutionality of multiple convictions *1155 for offenses arising from the same criminal transaction is whether the Legislature intended to authorize separate punishments for the two crimes.” Binns, 979 So.2d at 441 (citation and quotation marks omitted). However, “[bjefore determining legislative intent, a court must first determine whether the charges arose from a single episode.” Id. If the charges arose from the same criminal episode, then the next step requires application of the Blockburger[1] test, codified in section 775.021, Florida Statutes (2010), to determine if separate offenses exist.
In the instant case, Webb was convicted of the same offense twice; therefore, the elements of these two convictions are the same. Our analysis then turns on whether the two convictions for lewd and lascivious molestation were part of the same criminal episode. If they occurred in the same episode, then Webb “may be convicted of only one offense for each episode.” Id. at 442.
“In determining whether offenses occurred during a single criminal episode, courts must ‘look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a temporal break between offenses.’ ” Benjamin v. State, 77 So.3d 781, 783-84 (Fla. 4th DCA 2011) (quoting State v. Paul, 934 So.2d 1167, 1172-73 (Fla.2006), receded from in part by Valdes v. State, 3 So.3d 1067 (Fla.2009)).
Applying this standard to the instant case, we conclude that the two convictions arose out of one criminal episode. The state charged Webb with two counts of lewd and lascivious molestation and the trial revealed three touchings (once on the breast under the victim’s shirt, once on the breast over the victim’s shirt, and once on the victim’s crotch area over her jeans) which occurred over a ten-minute period. The information did not specify which touching constituted which charge, but even assuming that the first charge encompassed the first time Webb touched the victim’s breast and the second charge encompassed Webb’s subsequent touching of the victim’s crotch area, we find the ten-minute total time span insufficient to constitute separate criminal episodes. This is especially so because the victim was the same person and the touchings all occurred in the same location, on the couch. Therefore, Webb’s dual convictions for lewd and lascivious molestation violate the prohibition against double jeopardy.
We recognize that in sexual battery cases, multiple acts within a single criminal episode can constitute separate crimes if they are “distinct acts.” See State v. Meshell, 2 So.3d 132, 134 (Fla.2009) (“[I]n cases of sexual battery, Florida courts have focused on whether the acts forming the basis of the charges are ‘distinct.’ ”). Webb, however, was not charged with a sexual battery crime but instead with lewd and lascivious molestation, so we decline to analyze whether each touching constituted a distinct act. See Drawdy v. State, 98 So.3d 165 (Fla. 2d DCA 2012) (holding that “[t]he apparent trend [of analyzing distinct acts in sexual battery cases] has not reached far enough to deem different variations of section 800.04(5) lewd or lascivious molestation to be separate offenses for double jeopardy purposes”); Benjamin, 77 So.3d 781 (finding a double jeopardy violation where the defendant was convicted of lewd or lascivious molestation and lewd or lascivious conduct for offenses occurring during the same criminal episode without performing a distinct acts analysis). The First District has reached a contrary conclusion. See Sanders v. State, 101 So.3d 373 (Fla. 1st DCA 2012) (finding dual con *1156 victions for lewd and lascivious molestation did not constitute double jeopardy because the two offenses, occurring within the same criminal episode, were “distinct acts” under the lewd and lascivious molestation statute). Accordingly, we certify conflict with Sanders.
We therefore reverse and remand with instructions that the trial court vacate one of the two convictions for lewd and lascivious molestation and resentence Webb accordingly.

Reversed and remanded with instructions; conflict certified.

HAZOURI and DAMOORGIAN, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).