GRIFFIN, J.
Jon A. Register [“Register”] appeals his judgment and sentences for two counts of lewd or lascivious molestation against a victim less than twelve years of age. Register argues that his judgment and sentences violate the constitutional guarantee against double jeopardy. We disagree and affirm both convictions.
On April 8, 2004, the State charged Register, through information, with two counts of lewd or lascivious molestation in violation of section 800.04(5)(b), Florida Statutes. In count one, the State alleged that on January 14, 2004, Register, a person eighteen years of age or older, did intentionally touch in a lewd or lascivious manner the genital area or clothing covering the genital area of the victim, a person less than twelve years of age. In count two, the State alleged that on January 14, 2004, Register, a person eighteen years of age or older, did intentionally force or entice the victim, a person less than twelve years of age, to touch his genitals in a lewd or lascivious manner.
On August 17, 2009, Register entered a bench plea of nolo contendere to both counts. The State offered the following factual basis:
On January 14th of 2004, the Defendant was watching a four-year old child that he was acting as a stepfather to during the time.
On that date he had her get undressed. He then touched her vagina with his hands. He made her touch his private part and help masturbate him. He then ejaculated on her and the bed that she was on.
He then provided a written confession as to what he did.
All of this occurred in Osceola County, Florida.
Thereafter, the trial court adjudicated Register guilty of both counts of lewd or lascivious molestation and sentenced him to fifteen years in the Department of Corrections on each count, to run concurrent, with twenty-three days of credit for time served, and followed by ten years of sex offender probation.
Register intentionally touched the genital area or clothing covering the genital area of the victim in a lewd or lascivious manner and forced or enticed the victim to touch his genitals in a lewd or lascivious manner. Although these acts occurred diming a single criminal episode, they are distinct in character and type and require different elements of proof. Section 800.04(5), Florida Statutes, proscribes each of these distinct acts. There is no double jeopardy violation. See Sanders v. State, 101 So.3d 373 (Fla. 1st DCA 2012); see also Roughton v. State, 92 So.3d 284 (Fla. *514 5th DCA 2012).[1]
AFFIRMED.
ORFINGER, C.J., and EVANDER, J., concur.

. Recently, the Fourth District Court of Appeal, in Webb v. State, 104 So.3d 1153 (Fla. 4th DCA 2012), held that a defendant’s two convictions for lewd and lascivious molestation violated the prohibition on double jeopardy in a case where the victim had testified that the defendant “proceeded to touch ... [her] breast, once underneath her shirt and once over her shirt,” that he "then touched ... [her] crotch area over her jeans,” and that "all of the touchings occurred approximately within a ten-minute period.” That decision is not final at the time of this writing. Factually, our case is more like Sanders than Webb.