PER CURIAM.
Alain Cupas appeals the denial of a rule 3.800(a) motion, which we have treated as a rule 3.850 motion.[1] Following a trial, Cupas was convicted of three counts of lewd or lascivious molestation in violation of section 800.04(5)(a), Florida Statutes (2007). Count I alleged he touched the victim’s breast or the clothing covering it; count II alleged he touched her genital area or the clothing covering it; and count III alleged that he forced or enticed the victim to touch his genitals or the clothing covering them. All of these touchings occurred in close temporal proximity in the *1175 same place. For counts I and II, he received consecutive 15-year prison terms followed by 15 years on probation for count III. Cupas alleges the three convictions violate the prohibition against double jeopardy.
We agree that based on our recent decision in Webb v. State, 104 So.3d 1153 (Fla. 4th DCA 2012), Cupas could not be convicted and sentenced twice for lewd and lascivious touching of the victim. However, consistent with the decision in State v. Meshell, 2 So.3d 132 (Fla.2009), count III, which involved appellant forcing the victim to touch his penis, is a distinct act requiring a different element of proof. See Fla. Std. Jury Instr. (Crim.) 11.10(c). We agree with Sanders v. State, 101 So.3d 373 (Fla. 1st DCA 2012), that a person can violate the lewd or lascivious molestation “statute in two separate and distinct ways: 1) by touching the victim in the proscribed manner, or 2) by forcing or enticing the victim to touch the person in the proscribed manner.” 101 So.3d at 375. Although we certified conflict with Sanders in Webb, Webb did not involve the two distinct statutory acts, in contrast to the two acts in Sanders as well as the two acts in this case.
Accordingly, the circuit court’s order is reversed. On remand, the trial court is directed to vacate the conviction for count II and resentence Cupas.
WARNER, GROSS and GERBER, JJ., concur.

. The motion was timely filed within two years after his convictions became final, and it is under oath.