IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARCUS JAMAL GRAHAM,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2474

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Nancy A. Daniels, Public Defender, and David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellee.

ROWE, J.

     Marcus Jamal Graham appeals his convictions for two counts of lewd or

lascivious molestation, arguing that his convictions violate double jeopardy and that

the trial court improperly restricted his cross-examination of key witnesses. Because Graham's convictions are based on distinct acts and the trial court properly limited cross-examination, we affirm.

Graham was convicted of two counts of lewd or lascivious molestation for touching the victim's breasts and buttocks, or the clothing covering them, in violation of section 800.04(5)(a), Florida Statutes (2013). The testimony at trial established that there was no temporal break between the touchings and that they occurred during the same episode. Because the touchings occurred during a single criminal episode, Graham argues that his convictions violate double jeopardy. We disagree.

The United States and Florida Constitutions contain double jeopardy clauses designed to prevent a person from receiving multiple punishments for the same criminal offense. State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014). We review de novo whether a double jeopardy violation has occurred. Id. To determine whether the imposition of separate punishments for offenses occurring during the course of a single criminal episode violates double jeopardy, courts use the Blockburger[*] test. However, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode as long as the legislature intended to authorize separate punishments. Valdes v.

_____

[*] Blockburger v. United States, 284 U.S. 299 (1932).

2

State, 3 So. 3d 1067, 1069 (Fla. 2009); Partch v. State, 43 So. 3d 758, 759-60 (Fla. 1st DCA 2010). Where, as in this case, there is no clear legislative intent and the offenses occurred during the same episode, the court must determine whether the offenses are predicated on more than one distinct act. Sanders v. State, 101 So. 3d 373, 374 (Fla. 1st DCA 2012). If the offenses are predicated on multiple acts, then there is no double jeopardy violation. Id.

Because the Florida sexual battery statutes and lewd or lascivious battery statutes may be violated in multiple, alternative ways, convictions for "sexual acts of a separate character and type requiring different elements of proof" do not violate double jeopardy because the acts are "distinct criminal acts that the Florida Legislature has decided warrant multiple punishments." Meshell, 2 So. 3d at 135; §§ 794.011(1)(h), 800.04(1)(a), Fla. Stat. (2013) (defining sexual activity and sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object"). Similar to the sexual battery and lewd or lascivious battery statutes, the lewd or lascivious molestation statute also provides multiple, alternative ways to violate the statute. The statute proscribes the intentional touching "in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them . . . ." § 800.04(5)(a), Fla. Stat. (2013). Thus, the acts proscribed by the lewd or lascivious

3

molestation statute are distinct criminal acts that warrant multiple punishments.  See Roberts v. State, 39 So. 3d 372, 374 (Fla. 1st DCA 2010).

Here, Graham was convicted of two counts of lewd or lascivious molestation and the information and the jury verdict demonstrate that the charges were predicated on two distinct acts: touching of the victim's breasts, or the clothing covering them, and touching of the victim's buttocks, or the clothing covering them. For this reason, Graham's multiple convictions for lewd or lascivious molestation do not violate double jeopardy.  We recognize that this holding conflicts with the holdings in Cupas v. State, 109 So. 3d 1174 (Fla. 4th DCA 2013), and Webb v. State, 104 So. 3d 1153 (Fla. 4th DCA 2012); thus, we certify conflict with those decisions.

Graham also asserts that the trial court erred when it prohibited defense counsel from cross-examining the victim and her mother about a prior incident of sexual abuse against the victim that occurred in Mississippi and from cross-examining the victim's mother about whether she was a victim of sexual abuse. Graham argues that these lines of questioning would have demonstrated that his innocent touches were misinterpreted by the victim.  However, even if the prior incidents of sexual abuse of the victim and the mother were marginally relevant, the probative value of the testimony would be substantially outweighed by the prejudice it would likely cause.  Ware v. State, 124 So. 3d 388, 391 (Fla. 1st DCA 2013).

4

Thus, the trial court did not abuse its discretion by restricting the cross-examination of these witnesses about the prior incidents of sexual abuse.

We, therefore, AFFIRM Graham's convictions and sentences and CERTIFY CONFLICT.

OSTERHAUS and BILBREY, JJ., CONCUR.