# Supreme Court of Florida

_____

No. SC15-1416
_____

**MARCUS JAMAL GRAHAM,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[September 1, 2016]

QUINCE, J.

This case is before the Court for review of the decision of the First District Court of Appeal in Graham v. State, 170 So. 3d 141 (Fla. 1st DCA 2015). The district court certified that its decision is in direct conflict with the decisions of the Fourth District Court of Appeal in Webb v. State, 104 So. 3d 1153 (Fla. 4th DCA 2012), and Cupas v. State, 109 So. 3d 1174 (Fla. 4th DCA 2013), on a question of law. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve the First District in the instant case and disapprove the decisions of the Fourth District.

**FACTS**

Petitioner, Marcus Jamal Graham, was convicted of two counts of lewd or lascivious molestation[1] for (1) touching the victim's breasts and (2) touching the victim's buttocks. Graham, 170 So. 3d at 142. Petitioner appealed to the First District Court of Appeal, arguing that his convictions violate double jeopardy and the trial court erred in restricting cross-examination of the victim and her mother. Id.

On appeal, the First District denied both claims and affirmed the trial court's convictions and sentences. Id. Regarding the trial court's restriction of cross-examination, the First District found that "even if the prior incidents of sexual abuse of the victim and the mother were marginally relevant, the probative value of the testimony would be substantially outweighed by the prejudice it would likely cause." Id. at 144. In denying Petitioner's double jeopardy claim, the First District

---

1. See § 800.04(5)(c)2, Fla. Stat. (2013), which states, "An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the second degree." Section 800.04(5)(a) defines lewd or lascivious molestation as "intentionally touch[ing] in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forc[ing] or entic[ing] a person under 16 years of age to so touch the perpetrator."

relied on this Court's decision in State v. Meshell, 2 So. 3d 132 (Fla. 2009), and

held that:

> Because the Florida sexual battery statutes and lewd or lascivious battery statutes may be violated in multiple, alternative ways, convictions for "sexual acts of a separate character and type requiring different elements of proof" do not violate double jeopardy because the acts are "distinct criminal acts that the Florida Legislature has decided warrant multiple punishments."

Id. at 143. Recognizing that this holding conflicted with other holdings from the

Fourth District, the First District then certified conflict with Cupas, 109 So. 3d

1174 and Webb, 104 So. 3d 1153. Id.

## ANALYSIS

Petitioner now appeals to this Court, arguing that his convictions violated

double jeopardy and that the trial court erred in restricting defense's cross-

examination of the victim and her mother. We will address each issue in turn.

### Double Jeopardy

The first issue before this Court is whether double jeopardy prohibits dual

convictions under the same statute where the acts upon which the charges are

based occur within a single criminal episode. Double jeopardy claims based on

undisputed facts present questions of law and are subject to de novo review. State

v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014).

This Court addressed a similar issue in Meshell, where a defendant was

convicted of two counts of lewd or lascivious battery, in violation of section

800.04(4), for two acts that occurred during the course of a single criminal episode: (1) penetrating the victim's vagina and (2) penetrating the victim's mouth.  In finding that the convictions did not violate double jeopardy, this Court recognized that "in cases of sexual battery, Florida courts have focused on whether the acts forming the basis of the charges are 'distinct.' " 2 So. 3d at 134.  This Court then held that "distinct" acts are "sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute." Id. at 135.  Therefore, the defendant's convictions under the lewd or lascivious battery statute did not violate double jeopardy because "the sex acts proscribed in section 800.04(4) (oral, anal, or vaginal penetration) are of a separate character and type requiring different elements of proof and are, therefore, distinct criminal acts." Id. at 136.

In the instant case, Petitioner was convicted of two counts of lewd or lascivious molestation for touching the victim's breasts and touching the victim's buttocks during the course of a single criminal episode.  Graham, 170 So. 3d at 142.  The First District found that, under Meshell, the acts proscribed by the lewd or lascivious molestation statute are distinct criminal acts that warrant multiple punishments.  Id. at 143.  Therefore, Petitioner's convictions under the lewd or lascivious molestation statute did not violate double jeopardy because the charges at issue "were predicated on two

- 4 -

distinct acts: touching of the victim's breasts, or the clothing covering them, and touching of the victim's buttocks, or the clothing covering them." Id.

In Webb, one of the conflict cases, the defendant was convicted of two counts of lewd or lascivious molestation for the act of touching the victim's breasts and the act of touching the victim's genital area over her jeans. 104 So. 3d at 1154. The Fourth District held that the dual convictions violated double jeopardy and explained its rationale as follows:

> Webb was convicted of the same offense twice; therefore, the elements of these two convictions are the same. Our analysis then turns on whether the two convictions for lewd or lascivious molestation were part of the same criminal episode. If they occurred in the same episode, then Webb "may be convicted of only one offense for each episode."

Id. at 1155 (emphasis added) (citation omitted). The district court then found that the acts of touching occurred within a ten-minute time span and determined that this period was "insufficient to constitute separate criminal episodes." Id. While the court recognized that "in sexual battery cases, multiple acts within a single criminal episode can constitute separate crimes," it declined "to analyze whether each touching constituted a distinct act" under Meshell because the defendant was charged with lewd or lascivious molestation, not battery. Id.

In Cupas, the other conflict case, the defendant was charged with three counts of lewd or lascivious molestation for touching the victim's

breasts, touching the victim's genitals, and forcing the victim to touch the defendant's genitals. 109 So. 3d at 1174. Relying on its decision in Webb, the court held that the defendant could not be convicted twice under the lewd or lascivious molestation statute for touching the victim's breasts and genital area in the same criminal episode. However, the court held that the third count, which involved the defendant forcing the victim to touch his penis, did not violate double jeopardy because it was "a distinct act requiring a different element of proof." Id. Finding that forcing a victim to touch the defendant was a distinct act requiring a different element of proof, the Fourth District agreed with the First District's decision in Sanders v. State, 101 So. 3d 373 (Fla. 1st DCA 2012). In Sanders, the First District held that a defendant could "violate [the lewd or lascivious molestation] statute in two separate and distinct ways: (1) by touching the victim in the proscribed manner, or (2) by forcing or enticing the victim to touch the person in the proscribed manner." 101 So. 3d at 375.

In the instant case, Webb, and Cupas, the defendants were each charged with violating the lewd or lascivious molestation statute multiple times during the course of a single criminal episode. While the First District in the instant case found that each act proscribed by the statute represents a "distinct" act for determining whether double jeopardy has been violated, the Fourth District in

- 6 -

Webb and Cupas refused to apply this Court's holding in Meshell to the lewd or lascivious molestation statute. Instead, the Fourth District determined that the acts occurred in the same criminal episode and, therefore, found that the dual convictions violated double jeopardy because the elements of proof under the statute are identical for each act.

To resolve the conflict, we must first look to the seminal case regarding double jeopardy, Blockburger v. United States, 284 U.S. 299 (1932). In Blockburger, the defendant was charged with violating two provisions of the Harrison Narcotic Act during a sale of morphine hydrochloride to a single purchaser. Id. at 300-01. While the defendant was charged with five counts, the jury returned a verdict on the second, third, and fifth counts only. Id. "The second count charged a sale on a specified day of ten grains of the drug not in or from the original [p]ackage." Id. at 301. The third count charged a second sale, made on the following day, of "eight grains of the drug not in or from the original [p]ackage." Id. The fifth count related to the second sale, and charged that in addition to the sale not being made "in or from the original package, the sale had not been made in pursuance of a written order of the purchaser as required by statute." Id.

The defendant argued that these convictions violated double jeopardy for two reasons. First, he argued, "upon the facts, the two sales charged in the second

and third counts as having been made to the same person constitute a single offense." Id. Second, he argued that the charges stemming from the third and fifth counts both arose from the second sale and because this second sale constituted but one act, only one statutory punishment could be applied. Id. Therefore, the Court was presented with two issues: (1) whether a defendant could be charged more than once under the same statute for multiple acts within a single criminal episode and (2) whether a defendant could be charged under more than one statute for a single act that occurred within a single criminal episode.

To resolve the first issue, the Court employed a "distinct act" analysis, and held that "[t]he sales charged in the second and third counts, although made to the same person, [are] distinct and separate sales made at different times." Id. Although the second sale was initiated shortly after the defendant delivered the drug involved in the first sale, the Court held that "the payment for the additional drug, however closely following, was the initiation of a separate and distinct sale completed by its delivery." Id. The Court clarified its reasoning as follows:

> "[W]hen the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie." Wharton's Criminal Law (11th Ed.) § 34. Or, as stated in note 3 to that section, "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. If the latter, there can be but one penalty."

<u>Id.</u> at 302.  Thus, the defendant being charged under the same statute twice did not result in a double jeopardy violation because each sale represented a distinct act that warranted separate punishments under the statute.

To resolve the second issue, where the defendant was charged under two statutes for the single sale charged in the second count, the Court used a "different elements" analysis, where it examined the statutes to determine "whether each provision requires proof of an additional fact which the other does not." <u>Id.</u> at 304.  Here, the Court set forth the test that would later be codified in section 775.021(4)(a), Florida Statutes:

> A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

<u>Id.</u>  Applying this test to the statutes at issue, the Court found that while both statutes sought to punish the same act or sale conducted by the defendant, each statute required an element of proof that the other did not, thereby allowing charges under each statute without a violation of double jeopardy.  <u>Id.</u>

In <u>Meshell</u>, the defendant brought forth the same claim as the first claim brought by the defendant in <u>Blockburger</u>: that because he violated the same statute multiple times within a single criminal episode, he could only be charged once under the statute.  Meshell had violated the lewd or lascivious molestation statute twice:  First, when he penetrated the victim's vagina, and second, when he

penetrated the victim's mouth. Under the Blockburger "distinct acts" analysis, each act was distinct because each act indicated a different impulse to violate the statute. Therefore, multiple punishments under the same statute would not violate double jeopardy. However, this Court held that the two acts were "distinct" because they were "sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute." Meshell, 2 So. 3d at 135 (emphasis added). By including the "different elements" language in its analysis of "distinct acts," it appears this Court may have conflated the two tests set forth in Blockburger.

Consequently, the district courts seem confused as to how to apply Meshell's holding, which combines aspects from both tests set forth in Blockburger. In Webb, the Fourth District held that because the acts were charged under the same statute, there could be no finding of different elements. 104 So. 3d at 1155. Accordingly, the court held that since the acts occurred in the same episode, "Webb may be convicted of only one offense for each episode." Id. In finding that because there were no different elements, the defendant could only be convicted once under the statute, the Fourth District failed to apply either Meshell or the "distinct acts" test in Blockburger and instead applied the "different elements" test. While the Fourth District correctly recognized that the elements of proof were identical because the defendant was convicted twice under a single

statute, the court refused to acknowledge that under <u>Blockburger</u>, a defendant can also commit a number of sequential acts within a single criminal episode, and each distinct act may be punished under the same statute. Thus, the Fourth District incorrectly held that Webb's convictions for two acts of touching the victim violated double jeopardy.

Similarly, the Fourth District incorrectly held that one of the defendant's convictions in <u>Cupas</u> violated double jeopardy. There, the defendant was convicted three times under the lewd or lascivious molestation statute for three acts: (1) touching the victim's breasts, (2) touching the victim's genitals, and (3) for forcing the victim to touch the defendant's penis. The Fourth District applied the "different elements" test to find that because the first two acts of touching were punished under the same statute, they could not be punished separately since there were no different elements to compare. This ignores the "distinct acts" test set forth in <u>Blockburger</u> and instead applies the "different elements" test.

However, the Fourth District held that the third count, which involved the defendant forcing the victim to touch his penis, did not violate double jeopardy because the statute could be violated in two ways: (1) touching the victim or (2) forcing the victim to touch the defendant. By looking to the statutory language at issue to find that the statute proscribed different types of touching requiring different elements of proof, the Fourth District incorporated aspects of the

"different elements" test set forth in Blockburger. However, that test applies where a defendant is convicted under more than one statute for a single act. Because the defendant was convicted under a single statute for three distinct acts of touching, the "different elements" test should not have been applied in the case. Instead, because the multiple acts were being punished under the same statute, the Fourth District should have used the "distinct acts" test. Under a "distinct acts" analysis, all three touches were distinct acts that occurred in a single criminal episode and, therefore, three separate punishments could be applied under the lewd or lascivious molestation statute. Consequently, the Fourth District incorrectly held that one of the defendant's convictions could not stand without violating double jeopardy.

The First District in the instant case correctly found that the defendant violated the lewd or lascivious molestation statute twice in one episode for the distinct acts of touching the victim's breasts and then touching the victim's buttocks. The evidence presented at trial demonstrated that on the night of September 14, the victim awoke to the sensation of someone touching her on her back and saw that it was Petitioner rubbing her under her shirt. The victim turned over and Petitioner started touching the victim's breasts under her shirt. The victim turned over once more, and felt Petitioner touching her buttocks. Based on the victim's testimony, these touches were each individual acts, committed

sequentially. Under a "distinct acts" analysis, it is clear that punishment was warranted for each individual touch. Similar to <u>Blockburger</u>–in which the Court held that "the payment for the additional drug, however closely following, was the initiation of a separate and distinct sale completed by its delivery"–in this case, a new act began each time one touch ended and another was initiated, no matter how closely each one followed the other. <u>See, e.g.</u>, <u>Blockburger</u>, 284 U.S. at 303 (explaining that in <u>Ebeling v. Morgan</u>, 237 U.S. 625 (1915), "it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation. Whenever any one mail bag is thus torn, cut, or injured, the offense is complete. Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag."). Consequently, the First District correctly held that double jeopardy was not violated for the defendant's two convictions under the lewd or lascivious molestation statute.

Despite reaching the correct result, the First District–like the Fourth District–also appeared to improperly utilize aspects of the "different elements" test by looking at the statutory language to determine whether the defendant could be convicted twice under the same statute. In holding that convictions for "sexual

acts of a separate character and type requiring different elements of proof" do not violate double jeopardy, the First District employed a "different elements" analysis. Instead, the First District's analysis only needed to focus on whether each act that violated the statute was distinct. In applying the "distinct acts" test, the conclusion would have been the same: that the defendant's dual convictions under the lewd or lascivious molestation statute did not violate double jeopardy.

Therefore, although the First District did not clearly apply the "distinct acts" test set forth in Blockburger, it did correctly uphold the defendant's convictions and sentences. Conversely, the Fourth District incorrectly held in both Webb and Cupas that a defendant could not be charged more than once under the same statute for multiple acts during the course of a single criminal episode. Thus, we approve the First District's decision in this case and disapprove the decisions of the Fourth District in Webb and Cupas. Resolving the conflict in this way clarifies that Blockburger ultimately provides courts with two tests to apply: (1) where the defendant is convicted multiple times under the same statute for acts that occurred during the course of a single criminal episode, a "distinct acts" test is used, but (2) where a defendant is convicted under multiple statutes for one act, the "different elements" test applies.

**Cross Examination of the Victim and Mother**

Next, Petitioner argues that the trial court erred in restricting defense counsel's cross-examination of the victim and her mother. Trial court decisions relating to the admission of evidence are reviewed for an abuse of discretion. San Martin v. State, 717 So. 2d 462, 470-71 (Fla. 1998). A court abuses its discretion when the decision is "arbitrary, fanciful, or unreasonable." Johnson v. State, 40 So. 3d 883, 886 (Fla. 4th DCA 2010). "If reasonable men could differ as to the propriety of the action taken by the court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

Here, Petitioner claims that the trial court erred by not allowing defense counsel to (1) ask the victim about the outcome of a prior incident where she was molested by a third party, and (2) ask the victim's mother about her own history of sexual abuse. According to Petitioner, the defense's theory of the case was that the prior incident in Mississippi, as well as the mother's history of sexual abuse, made the victim predisposed to interpret touches in a sexual manner. As a result, the victim misinterpreted Petitioner's actions when Petitioner touched the victim's breasts and buttocks.

The trial court did not abuse its discretion in making these rulings. "In cases tried by a jury, a court shall conduct proceedings, to the maximum extent practicable, in such a manner as to prevent inadmissible evidence from being

- 15 -

suggested to the jury by any means." § 90.104(2), Fla. Stat. (2014). In the pretrial hearing, defense counsel failed to proffer any of the testimony it wished to elicit from the victim and her mother. Consequently, the trial court granted the State's motion in limine to restrict defense counsel's line of questioning and later stopped defense counsel from inquiring further during trial. Petitioner fails to demonstrate how the trial court unreasonably restricted his ability to confront adverse witnesses, or how the testimony would have been relevant. Even if the trial court erred in excluding the evidence, any such error was harmless because there is no reasonable probability of a different result with the admission of that evidence. See State v. DiGuilio, 491 So. 2d 1129, 1139 (Fla. 1986). Therefore, the trial court did not err in restricting defense counsel's cross-examination of the victim and her mother.

## CONCLUSION

For the reasons stated above, we approve the decision of the First District and disapprove the decisions of the Fourth District to the extent that they conflict with this analysis. We therefore affirm Graham's convictions and sentences.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, CANADY, and PERRY, JJ., concur.
POLSTON, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

- 16 -

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

First District - Case No. 1D14-2474

(Duval County)

Nancy Ann Daniels, Public Defender, and David Alan Henson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Donna Antoinette Gerace, Assistant Attorney General, Tallahassee, Florida,

for Respondent