# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4217
Lower Tribunal No. CF22-007642-XX

_____

STATE OF FLORIDA,

Appellant,

v.

NERI BANDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Susan L. Barber, Judge.

November 15, 2024

TRAVER, C.J.

The State of Florida appeals the trial court's sentence of Neri Banda following his no-contest plea to soliciting a person believed to be a child to commit an illegal act and transmitting material harmful to a minor. Specifically, the State challenges the trial court's refusal to sentence Banda for transmission because it defied the prohibition against double jeopardy. We have jurisdiction. *See* Fla. R. App. P. 9.140(c)(1)(M). Because Banda's offenses did not violate double jeopardy, we reverse and remand for resentencing on both charges.

The probable cause affidavit reveals that Banda contacted a law enforcement officer pretending to be a fourteen-year-old boy named "Jacob" on a social media platform. On the first day, Banda offered to perform sexual acts on "Jacob" and sent him a pornographic picture to illustrate one of them. The next day, Banda again contacted "Jacob" and suggested that they meet to have sex. A day passed with no communication, after which Banda again reached out for the same purpose.

The amended information charged Banda with solicitation, a third-degree felony under section 847.0135(3)(a), Florida Statutes (2022), and transmission, a third-degree felony under section 847.0138(2), Florida Statutes (2022). It alleged the transmission offense—involving the pornographic picture—occurred "on or about" the first day of contact. It stated the solicitation offense occurred over the next four days.

At the plea and sentencing hearing, Banda stipulated that a factual basis existed for his no-contest plea to both charges, and the trial court accepted the plea after conducting a colloquy with him. It then rejected the State's argument that its charging document showed Banda's offenses involved different acts with different legal elements. The trial court reasoned that it had no evidence before it to determine whether Banda's actions occurred in the same criminal transaction or episode, and if they did, whether they constituted distinct acts. Limited to the charging document, the trial court decided the identified dates did not dispel its double jeopardy

2

concerns. The trial court then concluded the solicitation charge subsumed the transmission charge and therefore convictions for both charges would violate Banda's double jeopardy rights. The trial court's subsequent refusal to sentence Banda on the transmission charge decreased his lowest-permissible sentence from 26.1 months to 22.05 months in prison. After denying Banda's request for a downward departure, the trial court sentenced Banda to 22.05 months in prison.

We review de novo double jeopardy claims based on undisputed facts. *See Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006). The United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Amend. V, U.S. Const. The Florida Constitution provides that no person shall "twice be put in jeopardy for the same offense." Art. 1, § 9, Fla. Const. The Florida Supreme Court has observed that these clauses offer the same protections. *See Trappman v. State*, 384 So. 3d 742, 746–47 (Fla. 2024) (citing cases). Double jeopardy guards "against a second prosecution for the same offense after acquittal," "a second prosecution for the same offense after conviction," and "against multiple punishments for the same offense." *Id.* at 747 (quoting *Justs. of Bos. Mun. Ct. v. Lyndon*, 466 U.S. 294, 306–07 (1984)).

To determine whether Banda's solicitation and transmission convictions violate his double jeopardy rights, we must first ask whether the Legislature intended to authorize separate punishments for these offenses. Indeed, there is "no

3

constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009) (citing cases). Our review of the solicitation and transmission statutes illustrates no specific legislative intent to authorize separate punishments for these offenses if they occur within the same transaction.

Accordingly, courts apply a three-part analysis to determine whether a double jeopardy violation occurred. First, to implicate a potential violation, the offenses must occur "in the course of one criminal transaction or episode." § 775.021(4)(a), Fla. Stat. (2022). Second, the "distinct acts" test first described in *Blockburger* v. *United States*, 284 U.S. 299 (1932), resolves whether a defendant's conduct constituted one criminal act subject to one punishment, or two successive acts subject to multiple punishments. *See Trappman*, 384 So. 3d at 751. Third, the statutory "different elements test,"[1] evaluates the charged offenses' elements and explores whether the offenses themselves fall outside the Legislature's general intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction." *See* § 775.021(4); *see also Graham v. State*, 207 So. 3d 135, 139 (Fla. 2016) (quoting *Blockburger*, 284 U.S. at 304).

---

[1] The Florida Supreme Court has referred to this test alternatively as a "same elements test" and a "different elements test." *See Trappman*, 384 So. 3d at 750 (citing cases).

4

The State concedes that Banda's offenses occurred during one criminal transaction under section 775.021(4)(a). While the parties disagree whether the State's charged offenses were "distinct acts" under *Blockburger*, we need not resolve this issue because the "different elements test" demonstrates Banda's crimes did not violate double jeopardy.

The Florida Legislature has codified the "different elements test" in two places within section 775.021, Florida Statutes. *See Trappman*, 384 So. 3d at 750. First, we must determine whether each of Banda's offenses include an element the other does not, "without regard to the accusatory pleading or the proof adduced at trial." *See* § 775.021(4)(a); *see also Trappman*, 384 So. 3d at 750 (stating that different-elements test "is reflected in the text of the last sentence of subsection 4(a)"). Second, we must analyze three statutory exceptions to the Legislature's general intent to punish each crime committed in one criminal episode. *See* § 775.021(4)(b); *see also Trappman*, 384 So. 3d at 750 (noting that different-elements test "is also reflected and refined in the exceptions of subsection 4(b)").

Banda's solicitation offense has three elements: 1) knowingly using a computer on-line service to contact a victim, 2) who Banda believed to be a child, 3) to attempt to lure the victim to engage in unlawful sexual conduct during that contact. *See* § 847.0135(3)(a); Fla. Std. Jury Instr. (Crim.) 11.17(a). Banda's transmission offense also has three elements: 1) knowingly sending an image that

5

Banda knew or believed to be "harmful to minors," 2) to a specific individual who Banda believed to be a minor, 3) via electronic mail.[2]  *See* § 847.0138(2); Fla. Std. Jury Instr. (Crim.) 11.21.  The offenses' elements differ; transmission requires sending a harmful image to someone believed to be a minor, but solicitation does not.

Thus, we must address section 775.021(4)(b)'s exceptions and ask whether solicitation and transmission: 1) "require identical elements of proof"; 2) "are degrees of the same offense as provided by statute"; or 3) "are lesser offenses the statutory elements of which are subsumed by the greater offense."  No exception fits.  Transmission and solicitation require different proof; solicitation does not require the transmission of a harmful image.  And unlike, say, first- and second-degree murder, they are not degrees of the same offense.  *See Velazco v. State*, 342 So. 3d 614, 617 (Fla. 2022) (considering "factors such as whether the offenses are located in the same statute, share a common name, contain similar formal elements, and criminalize similar conduct" in determining whether two offenses were degrees of one another).  The only commonality between Banda's charges is that they both criminalize conduct directed towards minors on electronic devices.  The offenses exist in different statutes, have different names, and contain different elements.

---

[2] While the transmission statute does not define "electronic mail," it includes "both email and electronic mail sent by instant messaging." *Simmons v. State*, 944 So. 2d 317, 325 n.7 (Fla. 2006).

Finally, solicitation does not subsume transmission because "subsection (4)(b)(3) applies only to necessarily lesser included offenses listed in Category 1 of the Schedule of Lesser Included Offenses." *See State v. Florida*, 894 So. 2d 941, 947 (Fla. 2005), *receded from on other grounds by Valdes*, 3 So. 3d at 1077. Solicitation has no category one lesser-included offenses. Fla. Std. Jury Instr. (Crim.) 11.17(a). Transmission's only category one lesser-included offense is not solicitation. Fla. Std. Jury Instr. (Crim.) 11.21 (listing unlawful use of a two-way communication device as sole category one lesser-included offense).

Thus, there is no exception to the Legislature's general intent to impose separate punishments for each act Banda committed during one criminal episode. *See* § 775.021(4)(a)–(b). We therefore reverse the trial court's decision not to sentence Banda for transmitting harmful material to a minor and remand for resentencing. This is not a ministerial event, and Banda must be present.

REVERSED and REMANDED.

STARGEL and WOZNIAK JJ., concur.


Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellant.

Howard L. "Rex" Dimmig, II, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED